**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Morris Wayne NUNN,**
**Defendant-Appellant.**

**No. 79–5713**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 30, 1980.

Jim Waide, West Point, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Thomas W. Dawson, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before TJOFLAT, FRANK M. JOHNSON, Jr. and GARZA, Circuit Judges.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from a judgment of criminal contempt ordered pursuant to Federal Rule of Criminal Procedure 42(b). The facts in this case are not in dispute. Morris Wayne Nunn's commercial pilot's license was revoked by the Federal Aviation Administration because of Nunn's history of low flying incidents. Nunn, who owned and operated an agricultural flying service, failed to surrender his license and continued flying. A complaint requesting a temporary restraining order, permanent injunctive relief and statutory fines was filed in federal district court on August 16, 1979. On August 17, the United States Marshal seized Nunn's aircraft by having it tied down and affixing notices to it. The district court issued a temporary restraining order and later permanently enjoined Nunn from flying and ordered him to surrender his pilot's certificate forthwith.

Nunn violated the court order by flying his plane on August 30, September 1, and September 2. The matter was then presented before a grand jury that failed to indict Nunn. The United States did not seek felony or misdemeanor indictments for possible charges of obstruction of court orders, rescue of seized property, conspiracy and contempt, but rather proceeded through an application for contempt under F.R.Crim.Pro. 42(b).

The district court denied Nunn's motion to dismiss the Rule 42(b) proceeding. At trial, Nunn was found guilty of criminal contempt and sentenced to six months' imprisonment. His sentence was suspended and he was placed on probation for two years, with a special condition that he reside for sixty days at the Salvation Army Center in Greenville, Mississippi. Nunn appeals the denial of his motion to dismiss the proceeding.

Rule 42(b) provides for the institution of criminal contempt by notice and not by indictment or information. *United States v. Leyva*, 513 F.2d 774, 778 (5th Cir. 1975). Nunn's sole argument on appeal is that criminal contempts must be prosecuted upon grand jury indictments under the Fifth Amendment, which bars the Government from holding persons "to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."

Cases that have considered this question have rejected the argument that a grand jury is constitutionally required, holding that criminal contempts "possess a unique character under the Constitution," and are not infamous crimes. *Green v. United States*, 356 U.S. 165, 187, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958); *United States v. Bukowski*, 435 F.2d 1094 (7th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971). *See United States v. Eichhorst*, 544 F.2d 1383, 1386–87 (7th Cir. 1976); *Steinert v. United States District Court for the District of Nevada*, 543 F.2d 69, 70 (9th Cir. 1976); *United States v. Leyva*, 513 F.2d 774, 778 (5th Cir. 1975); *Mitchell v. Fiore*, 470 F.2d 1149, 1153 & n.4 (3d Cir. 1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1899, 36 L.Ed.2d 399 (1973).

Nunn argues that the Supreme Court's holding in *Green v. United States, supra,* has been eroded by more recent Supreme Court decisions, especially *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). In *Green*, the Court relied on a long line of cases holding that a jury trial is not constitutionally required to impose sanctions for criminal contempt to establish that there is no right to grand jury indictment in criminal contempt proceedings. 356 U.S. at 183 n.14, 187, 78 S.Ct. at 643 n.14, 644–645. The Supreme Court later held that jury trials are constitutionally required in serious criminal contempt cases. *Bloom v. Illinois, supra*, 391 U.S. at 202, 88 S.Ct. at 1482. We reject the argument, as did the Seventh Circuit in *United States v. Bukowski, supra,* that the logic of *Green* has been undercut by *Bloom*.

Nothing in *Bloom* signalled an abandonment of the doctrine that attributes "special constitutional status" to contempt proceedings and that recognizes that "[t]he procedural protections which have gradually surrounded imposition of criminal con-

tempt penalties . . . represent the accretions of 'fundamental fairness' rather than application of provisions of the Bill of Rights to contempt prosecutions as 'crimes.' " *United States v. Bukowski*, 435 F.2d at 1101. Extending jury trial rights to contemnors subjected to nonpetty sanctions is consistent with this analysis. As the Supreme Court stated in *Bloom* :

> Given that criminal contempt is a crime in every fundamental respect, the question is whether it is a crime to which the jury trial provisions of the Constitution apply. We hold that it is, primarily because in terms of those considerations which make the right to jury trial fundamental in criminal cases, there is no substantial difference between serious contempts and other serious crimes. 391 U.S. at 201–02, 88 S.Ct. at 1482, 20 L.Ed.2d at 522.

Due process does not require, however, the interjection of a grand jury indictment into the criminal contempt process. The right to indictment by a grand jury is outweighed by considerations of efficiency, economy and judicial independence. *See United States v. Bukowski*, 435 F.2d at 1101–02.

AFFIRMED.