United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11234
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MELVIN R. HASSELL,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-312-ALL-G
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Melvin R. Hassell appeals from his criminal contempt conviction and sentence imposed in a bench proceeding for violating the district court's order not to interfere in a tax sale of his property. Hassell argues that the district court retaliated against him for exercising his constitutional rights, lacked subject matter jurisdiction, conspired with a Department of Justice attorney, and denied him a jury trial. The Government moves to dismiss the appeal as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A conviction for criminal contempt is authorized under 18 U.S.C. § 401(3) upon proof beyond a reasonable doubt of 1) a reasonably specific order; 2) violation of the order; and 3) the willful intent to violate the order.  United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir.), modified in part on other grounds, 116 F.3d 119 (5th Cir. 1997).  A criminal contempt need not be charged by indictment.  See United States v. Nunn, 622 F.2d 802, 803-04 (5th Cir. 1980); FED. R. CRIM. P. 42(a).  Further, a jury is required only if the contempt action carries a penalty of more than six months of imprisonment.  See National Maritime Union v. Aquaslide 'N' Dive Corp., 737 F.2d 1395, 1400 (5th Cir. 1984).

We conclude that Hassell was given proper notice of the contempt proceeding and that the district court's finding of guilt was not erroneous.  Hassell's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, the Government's motion to dismiss is granted and the appeal is dismissed.  See 5TH CIR. R. 42.2.

MOTION GRANTED; APPEAL DISMISSED.