**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonard Joe CLARK,
Defendant-Appellant.**

**No. 23281.**

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1969.

Donald L. Ostrem (argued), and Leo Graybill, Jr., of Graybill, Graybill & Ostrem, Great Falls, Mont., for appellant.

Donald C. Robinson (argued), Asst. U. S. Atty., Moody Brickett, U. S. Atty., Butte, Mont., for appellee.

Before JERTBERG, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, a civilian employee of the Government, was convicted of submission of a false claim in violation of 18 U.S.C. § 287, by submission of a false travel voucher supporting a permanent change-of-station move from Grafton, North Dakota, to Conrad, Montana.

The falsification was with respect to the date of travel. Appellant first submitted a voucher truthfully showing his arrival at Conrad on July 19, 1966. Upon

learning that more liberal allowances had become available under the United States Air Force Joint Travel Regulations, effective July 21, 1966, he filed a corrected voucher showing his arrival date as July 21, 1966, in order to bring himself within the change in regulations. In support of the new voucher he submitted a false itinerary showing himself to be en route to Conrad until and including the 21st.

■ The first trial of the case was held at Great Falls, Montana and ended in mistrial. The District Court then set the second trial at Helena, Montana, ninety miles away. This trial resulted in conviction. Appellant objected to the change as an impermissible change in venue. It was not a change in venue but a change among the court-created divisions of the District of Montana. We find neither abuse of discretion nor prejudice. Fed.R.Crim.P. 18.

The indictment charged acts on the part of appellant which would serve to bring the offense within either the false claims section (§ 287) or that dealing with false statements (18 U.S.C. § 1001). The penalties provided are the same. The indictment contained a notation that the offense charged was under § 1001. Appellant moved to dismiss the indictment as charging him under the wrong section. The District Court did not dismiss the indictment but, adopting appellant's theory, changed the citation on the indictment to § 287. Appellant here contends that the only proper course was to dismiss the indictment.

It seems well established that the court has no power to alter the substance of the indictment. *E. g.*, Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962); Carney v. United States, 163 F.2d 784 (9th Cir. 1947).

■ The statutory citation is not, however, regarded as a part of the indictment. In Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509 (1897), it is stated:

"The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments."

Rule 7(c), Fed.R.Crim.P., provides in part:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

■■ We read Rule 7(c) to permit the citation of a statute on an indictment to be amended where, as here, the facts alleged in the indictment will support such a change. United States v. McKnight, 253 F.2d 817, 820 (2d Cir. 1958); Masi v. United States, 223 F.2d 132 (5th Cir. 1955).[1] It only remains to be noted that under the facts it is clear that appellant was not prejudicially misled by the amendment of the citation.

Appellant assigns as error the court's refusal to give instructions as proposed by him. The charge as given adequately covered the field and we find no prejudice in the court's choice of language.

Other assignments of error we find to be without merit.

Judgment affirmed.

---

1. The Notes of the Advisory Committee (published at 18 U.S.C.A. Rule 7) indicate that Rule 7(c) is not to be limited to the correction of clerical errors in the citation or the correction of miscitations resulting from recent changes in codification: "The law at present regards citations to statutes or regulations as not a part of the indictment. A conviction may be sustained on the basis of a statute or regulation other than that cited. [citations omitted] The provision of the rule * * * is for the benefit of the defendant and is not intended to cause a dismissal of the indictment, but simply to provide a means by which he can be properly informed without danger to the prosecution."