**UNITED STATES of America,**
**Appellee,**

v.

**C. Oran MENSIK, Appellant.**

**No. 14907.**

United States Court of Appeals,
Fourth Circuit.

April 23, 1971.

Brian P. Gettings, U. S. Atty., and Nevett Steele, Jr., Sp. Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

In his appeal from his conviction for criminal contempt, C. Oran Mensik makes the following assignments of error:

*A.* The appellant was arrested without an arrest warrant in violation of Rule 4–C–3.

*B.* The appellant was arrested, then transported over 100 miles, from New York to Lewisburg, Pennsylvania, without a warrant served on him in violation of Rule 40–4.

*C.* The appellant's personal property was seized without a search warrant in violation of Rule 41–A.

*D.* The appellant's personal property was used as evidence over his protest, having been seized without a search warrant in violation of Rule 41–C, line 13.

*E.* There was no notice of forfeiture of the bond of $5,000 given to Obligor, who is the appellant, by the Court or the Clerk of Court to date which is a violation of Rule 46–3, lines 8 to 10 inclusive.

*F.* No notice of Court Order of Special Judge Thomsen for Criminal Contempt was ordered as required in Rule 42–B.

*G.* No notice was given orally in court to appellant as required by Rule 42–B.

*H.* No Rule to show cause was issued on appellant as provided by Rule 42–B.

*I.* The Grand Jury had no right to indict the appellant for Criminal Contempt of Special Judge Thomsen's Order of November 4, 1968 as this was a violation of Rule 42–B.

*J.* Judge Merhige had no jurisdiction in this criminal contempt proceeding

C. Oran Mensik, pro se.

as no disrespect or criticism was made about Judge Thomsen, this was violation of Rule 42–B.

On December 12, 1963, the appellant was found guilty of three counts of mail fraud in violation of 18 U.S.C. § 1341. He was released on bond pending his appeal. On March 18, 1968, this Court affirmed his conviction, United States v. Grow, 394 F.2d 182 (4th Cir. 1968), and on October 14, 1968, his petition for a writ of certiorari was denied by the Supreme Court. 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111. He was ordered to surrender himself and begin service of his sentence on November 4, 1968, by Judge Roszel C. Thomsen; however, he failed to appear as ordered, for which he was convicted of two counts of criminal contempt.

■ Mensik was arrested on May 29, 1969, in New York by F.B.I. Agents. Since his arrest was pursuant to the authority of an outstanding arrest warrant, we hold that assignment A is without merit. Moreover, Mensik's status at the time of his arrest was that of an escapee and "[t]he provisions of * * * [rule 40 of the Federal Rules of Criminal Procedure] may not be availed of by a prisoner in escape status." Bandy v. United States, 408 F.2d 518, 521 (8th Cir. 1969). For this reason, we also find no merit in assignment B.

■ We also conclude that Mensik's search and seizure claims, assignments C and D, are without merit. The record reveals that Mensik was arrested at John F. Kennedy Airport and taken to a federal detention center. There he was searched and certain items of evidence were seized from his person. These items were later properly admitted into evidence as the product of a reasonable search of the defendant's person incident to a lawful arrest.

Mensik's next claim that he was not notified of the forfeiture of his bond, assignment E, has no legal significance to this appeal. Accordingly, we hold that it is without merit.

■ Assignments F, G, and H all involve the notice requirements of rule 42(b) of the Federal Rules of Criminal Procedure. Rule 42(b) provides in part that "[t]he notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." Here the prosecution of the contempt proceeded by indictment rather than by simple notice. The second and third counts of the indictment, however, set forth the essential facts of the criminal contempt and described it using the words "criminal contempt." The indictment was read or described to Mensik in court on three separate occasions and he was informed by the court of the trial date, which was set by the court with a view toward giving Mensik and the Government adequate time to prepare for trial. Thus, we hold that the notice requirements of rule 42(b) were fully complied with.

■ We also hold that Mensik's contention that his indictment constituted a violation of rule 42(b), assignment I, is without merit. Although indictment is not necessary for a prosecution for criminal contempt, it is permissible so long as the notice requirements of rule 42(b) are satisfied.

■ Mensik's last assignment of error, assignment J, is also without merit. The fact that the criminal contempt complained of did not involve criticism of Judge Thomsen would not require Judge Thomsen to preside at Mensik's trial for criminal contempt nor deprive Judge Merhige of the jurisdiction to do so.

■ In addition to above assignments of error, Mensik makes several other claims of error in the brief that he filed with this Court. He complains that the district court abused its discretion in sentencing him to a $25,000 fine and a five year prison term, that the indictment was duplicative and otherwise defective, and that the trial judge was

prejudiced. We have examined the briefs, the appendix, and the record and we conclude that these claims are without merit.

Accordingly, for the reasons stated above, we deem oral argument unnecessary and affirm the judgment of the district court.

Affirmed.