UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Anthony WUCO,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Timothy W. SANT AGATA,
Defendant-Appellant.

Nos. 75–3603, 75–3543.

United States Court of Appeals,
Ninth Circuit.

May 21, 1976.

Rehearing and Rehearing En Banc
Denied July 16, 1976.

---

9. *See Dunlop v. Bachowski,* 421 U.S. at 573–574, 95 S.Ct. at 1860–1861, 44 L.Ed.2d at 389–390.

Michael H. Metzger (argued), San Francisco, Cal., for defendants-appellants.

Mark O. Heaney, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

OPINION

Before SMITH * and GOODWIN, Circuit Judges, and WILLIAMS,** District Judge.

J. JOSEPH SMITH, Circuit Judge:

Sant Agata and Wuco, convicted on trial to the court, jury waived, in the United States District Court for the Central District of California, Robert Firth, *Judge*, of importation and possession with intent to distribute of "approximately 1,010 pounds of marijuana, a substance containing approximately 10 pounds of tetrahydrocannabinol (delta-9-THC), a schedule I controlled substance," appeal on grounds relating to the government's course in drafting the charges and managing the proof at trial. While we cannot understand or approve the course followed in the government's presentation, we find no substantial harm to defendants and affirm the convictions.

Defendants were caught red-handed with an aircraft which contained the marijuana shortly after it landed from a trip to Mexico. When charged in an indictment with violation of the statute as it applied to marijuana they indicated that a so-called "species defense" would be raised, a defense contending that more than one species of marijuana is recognized, that the statute is confined to the species described as "cannabis sativa L." and that the substance seized was another variety of cannabis.

---

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** The Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

To avoid this issue a superseding indictment was obtained, the indictment on which conviction was had. The draftsman assumed that the THC found in the hemp plant was the same substance as that contained in Schedule I of controlled substances under 21 U.S.C. § 812(c) Schedule I(c). It is now conceded that in fact the substance there described is synthetic THC.

Defendants contend that their conviction must be set aside since there is no proof that the substance they possessed contained synthetic THC, and that the reference to marijuana in the indictment cannot support their conviction since the government on trial disclaimed reliance on it and relied only on the presence of THC. This they contend seriously prejudiced the defense, since it led them to abandon the "species defense" and waive the jury.

■ The claimed prejudice, however, is not apparent. The "species defense" is a matter of statutory interpretation, for the court, not the jury, and is not available to appellants. Subsequent to the trial in this case the "species defense" was rejected by this court as it has been by all other circuits which have ruled upon it. See *United States v. Kelly*, 527 F.2d 961 (9th Cir. 1976), and cases cited.

■ Appellants' apparent contention is that marijuana and THC are mutually exclusive, that THC can be only the Schedule I, synthetic variety and that the government having chosen to pursue them only on this theory, the convictions may not stand. It is quite plain, however, that the government charged, sought to prove, and did prove that the substance imported was the organic THC contained in the 1,010 pounds of marijuana. While this was not the synthetic THC defined as a Schedule I controlled substance the government assumed it was, it would appear to be a substance denounced by 21 U.S.C. § 802(15) as a "part" or "derivative" of the plant cannabis sativa L. as the terms were used by the Congress. The indictment is "a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(c), Fed.R.Crim.P.[1]

■ The interpretation of the statute was for the court, not for the jury and as it turns out could have been of no comfort to appellants here. We fail to find any prejudice accruing to appellants through the government's mistaken statutory reference. The conduct as alleged and proved constituted a violation of federal criminal law and its claimed technical misdescription does not invalidate the convictions.

Affirmed.

---

1. It is the statement of facts in the pleading, rather than the statutory citation, that is controlling, and if an indictment or information *properly charges an offense under the laws* of the United States it is sufficient, even though the United States Attorney or the grand jury may have supposed that the offenses charged were covered by a different statute.

1 C. Wright, *Federal Rules of Criminal Procedure* (1969) 228.