**Stanley STEINERT, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the DISTRICT OF NEVADA, Respondent.**

No. 76–2307.

United States Court of Appeals, Ninth Circuit.

Oct. 1, 1976.

Earl G. Stokes (argued), of Stokes, Clayton & McKenzie, San Francisco, Cal., for petitioner.

Richard W. Nichols, Asst. U. S. Atty. (argued), Sacramento, Cal., for respondent.

Before DUNIWAY, CARTER and WALLACE, Circuit Judges.

**70**

JAMES M. CARTER, Circuit Judge:

This is a petition for a writ of mandamus to quash an order for removal. We deny the petition.

## FACTS

Petitioner Steinert has been under investigation by the Internal Revenue Service for several years. In 1975, Steinert was ordered by the District Court for the Eastern District of California to appear before an I.R.S. agent. He failed to do so.

A complaint was then issued by the United States Attorney charging Steinert with violating 18 U.S.C. § 401 (criminal contempt) for his failure to comply with the court's order. However, the complaint erroneously cited § 402 as the basis for the contempt. A Grand Jury later returned an indictment to the same effect.

Steinert was located in Nevada and arrested pursuant to a warrant issued by the District Court for the Eastern District of California. A removal hearing was held before a United States magistrate in Reno, Nevada, pursuant to Fed.R.Crim.P. 40(b) and Steinert was ordered removed to California. He now challenges this removal order.

## VALIDITY OF THE INDICTMENT

■ In the indictment, the government incorrectly cited 18 U.S.C. § 402 instead of 18 U.S.C. § 401. Petitioner argues that this error is a ground for dismissal. This contention is without merit. Federal Rule of Criminal Procedure 7(c)(3) provides:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Steinert at all times knew the nature of the charge against him and was represented by counsel. He was not prejudiced by the miscitation.

## INDICTABILITY OF § 401 CONTEMPT

■ An indictment may be returned only where a crime is charged. Petitioner argues that § 401 does not provide for any crime, but relates solely to the power of a court to cite for contempt. He argues that only § 402 deals with contempts which are criminal in nature and thus subject to indictment.

■ Petitioner misapprehends the nature of these contempt sections. Section 402 refers to contemptuous acts which, besides being contemptuous, are also violations of federal criminal statutes. The section does not state exclusive grounds for criminal contempt and thus does not foreclose § 401 from giving rise to criminal liability. An indictment thus may be returned under § 401.

The cases support this conclusion. In *Green v. United States,* 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958), the Supreme Court stated:

"[I]t is clear that criminal contempts, although subject, as we have held, to sentences of imprisonment exceeding one year, *need not* be prosecuted by indictment under the Fifth Amendment" (emphasis added). 356 U.S. at 187, 78 S.Ct. at 645.

Use of the words "need not" implies that criminal contempts may be prosecuted *either* by notice pursuant to Fed.R.Crim.P. 42(b) or by indictment. This court has affirmed the conviction of a person indicted by a Grand Jury for criminal contempt under § 401. *See United States v. Snyder,* 428 F.2d 520 (9 Cir.1970). *See also United States v. Mensik,* 440 F.2d 1232, 1234 (4 Cir.1971); *United States v. Bukowski,* 435 F.2d 1094, 1103 (7 Cir.1970), *cert. denied,* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971).

■ Petitioner relies principally on *United States v. Leyva,* 513 F.2d 774 (5 Cir. 1975). The defendant there also raised the complaint that the contempt was prosecuted by indictment. Without deciding that issue, the court stated:

"We do not believe this possible defect prejudiced any substantial right of [the] defendant and thus does not constitute

plain error requiring our review." 513 F.2d at 778.

To be sure, *Leyva* indicates that the usual manner of proceeding in criminal contempt is by Rule 42(b) notice, rather than by indictment. But the court notes the language of *Green, supra,* and states that the Supreme Court "presumably approved prosecution of criminal contempt by indictment." 513 F.2d at 778. We agree.[1]

### *SERVICE OUTSIDE OF DISTRICT ISSUING INDICTMENT*

Petitioner contends that even if proceeding by indictment is proper, notice or arrest may be made only within the district where the indictment was issued. He cites *De Parcq v. District Court,* 235 F.2d 692 (8 Cir.1956), and *In re Graves,* 29 F. 60 (N.D.Iowa 1886) for this proposition. However, these cases deal with civil, rather than criminal, contempts. Where a criminal contempt is involved, nationwide service of process is provided by Fed.R.Crim.P. 9. The arrest of Steinert in Nevada was therefore proper.

### *CONCLUSION*

The petition for a writ of mandamus is denied.

---

1. In so holding, we disapprove of the decision of *In re Amalgamated Meat Cutters,* 402 F.Supp. 725 (E.D.Wisc.1975). The court there held that a Grand Jury has no independent power to initiate criminal contempt proceedings. Its power to issue indictments, under this view, is limited to acts constituting contempt which occur in its presence, and then only for the purpose of informing the court so that it may take action. 402 F.Supp. at 735–36. We do not see the difference between a contempt committed in or outside the presence of a Grand Jury. Many contempts take place outside of the presence of either a Grand Jury or a judge, as occurred with the violation of the order to appear in this case. A prosecutor should be able to seek indictments in such cases independently of any directive from the court.