**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James R. WAGSTAFF, Defendant-Appellee.**

No. 77–1792.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 17, 1978.

Decided March 20, 1978.

Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah (Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, with him on the brief), for plaintiff-appellant.

Harold G. Christensen of Snow, Christensen & Martineau, Salt Lake City, Utah (L. Craig Metcalf of Snow, Christensen & Martineau, Salt Lake City, Utah, with him on the brief), for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This case involves the question of the finality of a judgment dismissing an indictment.

The defendant-appellee herein was indicted on November 3, 1976. He was charged with fraudulently and knowingly concealing and facilitating the transportation of an automobile imported contrary to law with knowledge that the automobile had been imported contrary to law, in that it had been smuggled into the United States without a proper declaration and without payment of necessary importation duty. The plea by appellee was not guilty.

The dismissal occurred on July 19, 1977, immediately following the impaneling and swearing of the jury. Defendant-appellee moved to dismiss the indictment on the contention that it failed to charge an offense. The insufficiency was that the indictment did not specify the law that the importation violated in that it did not give the citation of the statute as is customary.

The question presented for decision is, first, whether the dismissal effectively places the accused in jeopardy within the meaning of the prohibition of the Fifth Amendment, which prevents twice putting an accused in jeopardy. If the accused was in jeopardy once on the occasion of the dismissal, we would lack jurisdiction to hear the appeal. *See Finch v. United States*, 433 U.S. 676, 97 S.Ct. 2909, 2910, 53 L.Ed.2d 1048 (1977). If we rule that jeopardy did not attach, we then must consider the merits of the appeal, namely whether the government's neglect to give the citation of the statute in the indictment is a deficiency which goes to the substantial merits or whether, on the other hand, it is formal and procedural.

I.

Defendant-appellee's argument is that the Fifth Amendment bars prosecution because the judgment dismissing the indictment resolved the cause in his favor, whereby it is final and nonappealable.

The impaneling and swearing of the jury no longer carries the magic which it once had. In *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80, decided June 13, 1977, the Supreme Court refused to give effect to a claim of double jeopardy where the information was dismissed following not only the swearing of the jury but also the presentation by the government of its entire case. A required element

of the indictment was an allegation of knowing and intentional property deprivation in a theft case, and the information first filed made no mention of such knowledge. The jury was waived and the trial proceeded to the court. After the opening statement by the prosecutor, the defendant moved to dismiss the information. This was denied tentatively and the trial proceeded. After the government presented its case, the defendant moved for a judgment of acquittal for failure of the government to establish the requisite intent to deprive the victim of his property. The court denied the motion. The court then reconsidered the original motion to dismiss and granted it because of the failure to charge the corrupt intent. Later the case was retried following the filing of a sufficient charge. The Supreme Court rejected the argument that the trial was barred by the double jeopardy clause. It did so primarily because counsel for the defendant had brought about the condition. The Court indicated an unwillingness to approve the method used. The Court also said that the proceedings against Lee had not terminated in his favor or on the basis that he could never be prosecuted for or convicted of a theft, but only on the ground that the information had not been drawn properly. Since the judgment did not go to the substantial merits of the case, then, the ruling was that the judgment of conviction on the second trial should stand. In resolving the case in favor of the government, the Court was moved by the fact that the proceedings in the first trial were terminated at the defendant's request and with his consent, whereby it was no different than it would have been had the defendant moved for a mistrial. An even more fundamental reason for the Court's decision appears to have been that the termination of the proceedings was the result of insufficiency of the indictment rather than a deficiency in the case itself.

In our case there was no prosecutorial or judicial overreaching such as was mentioned in *Lee*, and there was no substantial defect in the merits of the case but at most an insufficient drafting of the information.

The distinction applied in *Lee* was repeated in *Finch v. United States*, 433 U.S. 676, 97 S.Ct. 2909, 53 L.Ed.2d 1048 (1977). *See also Arizona v. Washington*, —— U.S. ——, ——, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Appawoo*, 553 F.2d 1242, 1243–45 (10th Cir. 1977). The part of the ruling that is fully applicable to the case at bar is that which deals with the fact that the deficiency was merely a lack of proper pleading rather than a defect in the case, whereby the accused can never be convicted.

## II.

In our case the omission in the indictment did not have to do with a substantial element. The indictment sufficiently described the offense and the citation of the applicable statute was unnecessary. The second and third paragraphs of 18 U.S.C. § 545 (1976), the statute under which the cause was brought, state:

Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

The Supreme Court, construing the predecessor of § 545, has said that the clause "contrary to law" refers to laws other than § 545. In *Keck v. United States*, 172 U.S. 434, 437, 19 S.Ct. 254, 43 L.Ed. 505 (1899), the indictment was held insufficient because it alleged only that the importation there involved was "contrary to law." The indictment did not give any indication as to why the importation was illegal. Hence, the defendant was not informed of the nature of the accusation.

Rule 7(c)(1), F.R.Crim.P., demands that the indictment be "a plain, concise and definite written statement of the essential facts

constituting the offense charged." Also necessary are facts which describe the essential elements of the offense intended to be charged. Also, it must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare his defense. Following conviction, the record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need should ever arise. *Clay v. United States*, 326 F.2d 196, 198 (10th Cir. 1963), *cert. denied*, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964). F.R.Crim.P. 7(c)(3) provides that omission of citation is not ground for dismissal of an indictment unless it misleads the defendant to his prejudice.

The cases have upheld indictments which describe the offense in accordance with the tests found in the cases cited above. Thus in *United States v. Bowe*, 360 F.2d 1, 8 (2d Cir.), *cert. denied*, 385 U.S. 961, 87 S.Ct. 401, 17 L.Ed.2d 306 (1966), it was held that the charge that the defendants had aided the transportation of explosives that they knew had been imported "contrary to law" was sufficient. In *Huff v. United States*, 273 F.2d 56, 58–59 (5th Cir. 1959), an indictment was upheld in which it was alleged that goods had been imported "without having been invoiced as required by law." The omission of the statutory citation requiring the invoicing was not considered important. *Steiner v. United States*, 229 F.2d 745, 747–48 (9th Cir.), *cert. denied, Pursselley v. United States*, 351 U.S. 953, 76 S.Ct. 845, 100 L.Ed. 1476 (1956), and *Babb v. United States*, 218 F.2d 538 (5th Cir. 1955), are not inconsistent. The indictments in the cited cases lacked facts sufficient to describe the offenses.

We conclude, then, that the citation of the law violated by book and page is unnecessary where the facts establishing the unlawfulness are set forth so as to apprise the accused of the offense that he must meet. We must conclude, therefore, that the trial court erred in dismissing the indictment.

The judgment of the district court is, therefore, reversed and the cause is re-manded with directions to the court to reinstate the indictment and proceed with the trial.