UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack GORDON, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph DALY, Defendant-Appellant.

Nos. CA 79–1661, CA 79–1664.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1980.

Decided March 16, 1981.

Rehearing and Rehearing En Banc
Denied May 4, 1981.

Richard A. Wright, Heaton & Wright, Las Vegas, Nev., argued, for defendant-appellant.

Lawrence R. Leavitt, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before TRASK and FLETCHER, Circuit Judges, and MUECKE,* District Judge.

MUECKE, District Judge:

The present appeals follow appellants' convictions for violation of 18 U.S.C. § 371, conspiracy to violate the Travel Act.

On August 8, 1978, a federal grand jury sitting in Las Vegas, Nevada, returned a three-count indictment against appellants herein, and a co-defendant, charging them with two counts of Travel Act bribery and one count of conspiracy.

The Travel Act, 18 U.S.C. § 1952, provides felony sanctions for

> (a) Whoever travels in interstate or foreign commerce or uses a facility in interstate or foreign commerce, including the mail, with intent to—

*      *      *      *      *      *

---

* Honorable C. A. Muecke, Chief Judge, United States District Court for the District of Arizona, sitting by designation.

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs ... (3) ....

Subsection (b) of § 1952 defines "unlawful activity" as including "extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States."

Counts I and II of appellants' indictment charged them with placing an interstate phone call and with engaging in interstate travel with intent to "promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely: Bribery of a Public Officer, in violation of Nevada Revised Statutes, Section 197.020," and with thereafter performing certain other acts for the same purpose. The public officers in question were identified as Nevada Gaming Commissioners.

Count III, the conspiracy count, covered the same facts alleged in Counts I and II. It did not, however, specifically state that the unlawful activity comprising the purpose of appellants' conspiracy was the violation of N.R.S. § 197.020. Count III simply referred to "Bribery of a Public Officer, in violation of the laws of the State of Nevada ...."

At the close of the Government's case-in-chief, the trial court granted appellants' motions for judgment of acquittal with respect to Count I and II. The court's order was based on its finding that Nevada Gaming Commissioners, the objects of appellants' bribery attempts, were not "other public officers" within the meaning of N.R.S. § 197.020, the statute cited in the indictment.[1] The court ruled that Gaming Commissioners were in fact "executive or administrative officers," and that under Nevada law, the bribery of such officials is proscribed by N.R.S. § 197.010.[2]

The trial court denied appellants' motions for judgment of acquittal as to Count III, however, for the reason that the conspiracy count did not specifically limit itself to N.R.S. § 197.020. The court subsequently instructed the jury with respect to Count III using § 197.010 as the predicate state offense for the violation of 18 U.S.C. § 1952; it refused to read § 197.020 to the jury, and refused to permit appellants to argue that the Government had relied on the wrong statute. We affirm.

*Facial Validity*

While appellants have not pressed the issue, it is relevant to observe that the Government's failure to cite the predicate state statute did not, in and of itself, render Count III of the indictment invalid.[3]

▉ An indictment must furnish the defendant with a sufficient description of the charge against him to enable him to prepare his defense (the notice function), and to enable him to plead double jeopardy against a second prosecution (the double jeopardy function). *See United States v. Anderson*, 532 F.2d 1218, 1227 (9th Cir.), *cert. denied* 429 U.S. 839, 97 S.Ct. 111, 50

---

1. N.R.S. § 197.020 provides as follows:
   Bribery of other public officers. Every person who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to a person executing any of the functions of a public officer other than as specified in NRS 197.010, 199.010 and 218.590, with intent to influence him with respect to any act, decision, vote or other proceeding in the exercise of his powers or functions, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000.

2. N.R.S. § 197.010 provides as follows:

Bribery of executive or administrative officer. Every person who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to any executive or administrative officer of the state, with intent to influence him with respect to any act, decision, vote, opinion or other proceeding, as such officer, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000.

3. Count III did cite 18 U.S.C. § 1952 as well as 18 U.S.C. § 371.

L.Ed.2d 107 (1976). *See also. Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). To these ends, Rule 7(c)(1), Federal Rules of Criminal Procedure, provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged," and that it shall "state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated."

■ While correct citation to the relevant statute is always desirable, both the Federal Rules and the cases interpreting them make it clear that an error or omission is not necessarily fatal.

Rule 7(c)(3), Federal Rules of Criminal Procedure, provides that "error in the citation or its omission shall not be ground for dismissal of the indictment . . . or for reversal of a conviction *if the error or omission did not mislead the defendant to his prejudice.*" (Emphasis added).

In *United States v. Clark*, 416 F.2d 63 (9th Cir. 1969), a Ninth Circuit decision relying on Rule 7(c)(3), this Court upheld the district court's refusal to dismiss an indictment where appellant, who was accused of submitting a false travel voucher to the federal government, had been charged under 18 U.S.C. § 287 instead of 18 U.S.C. § 1001. In so doing, the Court stated:

> The statutory citation is not, however, regarded as part of the indictment. . . . We read Rule 7(c) to permit the citation of a statute on an indictment to be amended where, as here, the facts alleged will support such a change.

*Id.* at 64.[4]

■ We have not been referred to a case in which a Travel Act indictment was attacked for failure to cite the statute comprising the predicate "unlawful activity." The cases that do discuss § 1952 make it clear that the statutory language embodies all of the essential elements[5] and that reference to state law is necessary only to identify the type of unlawful activity involved.[6]

**4.** *See also Steinert v. United States District Court for District of Nevada*, 543 F.2d 69, 70 (9th Cir. 1976) (A contempt case in which the Government incorrectly cited 18 U.S.C. § 402 instead of 18 U.S.C. § 401. Referring to Rule 7(c)(3), the court found that defendant was always aware of the charge against him and that he was not prejudiced by the miscitation); *United States v. Wuco*, 535 F.2d 1200 (9th Cir. 1976), *cert. denied*, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1979) (Noting the absence of prejudice, the court upheld a superseding indictment which erroneously classified the organic THC found in defendants' possession under 21 U.S.C. § 812(c) Schedule I(c), which applies only to synthetic THC); *United States v. Shipstead*, 433 F.2d 368 (9th Cir. 1970) (A drug manufacturing case in which the indictment miscited 21 C.F.R. 320.3(b), the federal regulation designating the drug involved).

In *United States v. Wagstaff*, 572 F.2d 270 (10th Cir. 1972), the Tenth Circuit Court of Appeals reversed the trial court's dismissal of an indictment that charged concealing and facilitating the transportation of an automobile imported contrary to law. Appellant had attacked the indictment on the grounds that it "did not specify the law that the importation violated in that it did not give the citation of the statute as is customary." *Id.* at 271. In concluding that the indictment was sufficient, the court referred to Rule 7(c) and reasoned that:

> the omission in the indictment did not have to do with a substantial element. The indictment sufficiently described the offense and the citation of the applicable statute was unnecessary.

*Id.* at 272.

**5.** *See Marshall v. United States*, 355 F.2d 999 (9th Cir. 1966), *cert. denied*, 385 U.S. 815, 87 S.Ct. 34, 17 L.Ed.2d 54 (1966), *reh. denied*, 385 U.S. 964, 87 S.Ct. 388, 17 L.Ed.2d 309 (1966); *Turf Center v. United States*, 325 F.2d 793 (9th Cir. 1963).

**6.** *See United States v. Rizzo*, 418 F.2d 71, 74 (7th Cir. 1969), *cert. denied, Tornabene v. United States*, 397 U.S. 967, 90 S.Ct. 1006, 25 L.Ed.2d 260 (1970). In *Rizzo*, defendant's Travel Act indictment specified the underlying state statute but failed to set forth the *elements* of the state offense. The court held that the gravamen of a charge under 18 U.S.C. § 1952 is the violation of *federal* law (use of an interstate facility with intent to violate state or federal law) and that "reference to state law is only necessary to identify the type of illegal activity."

*Rizzo* was primarily concerned that the indictment fulfill its double jeopardy and notice functions. These functions can be fulfilled, as in this case, if the indictment sets forth the "type of illegal activity," even though the specific statute is omitted.

**[4]** In the present case, the allegations regarding appellants' use of facilities of interstate commerce and the unlawful activity to which it was related were set forth in the language of § 1952. Count III identified the unlawful activity as "Bribery of a Public Officer in violation of the laws of Nevada," and gave a detailed statement of appellants' alleged behavior in this regard. The objects of appellants' bribe attempts, the Nevada Gaming Commissioners, were listed by both name and title.

Under these circumstances we do not find that the Government's failure to cite § 197.-010 could have prejudiced appellants. They were fully informed of the charges they faced.

*Variance*

█ Appellants' primary contention is that the grand jury relied on § 197.020 in returning their indictment,[7] and therefore, that conviction pursuant to 197.010 permits a variance between indictment and proof. This variance, argue appellants, violates their fifth amendment right to be tried only upon indictment by a grand jury.

The fifth amendment to the United States Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment of indictment of a grand jury." In a series of cases beginning with *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), the Supreme Court has invalidated attempts by the Government to avoid these restrictions through the actual or constructive amendment of a defendant's indictment. The Court has never gone so far, however, as to hold that the fifth amendment precludes amendment per se— without regard to possible prejudice. *See United States v. Dawson*, 516 F.2d 796 (9th Cir. 1975), *cert. denied* 423 U.S. 855, 96 S.Ct. 104, 46 L.Ed.2d 80 (1975). Its decisions have been limited to circumstances where amendment might undermine a defendant's right to be tried only upon "presentment or indictment of a grand jury."

In *Ex parte Bain, supra*, defendant was indicted for submitting a false report "with intent to deceive *the comptroller of the currency and* the agent [of the comptroller of the currency] appointed [by the comptroller] to examine the affairs of said association." 121 U.S. at 4, 7 S.Ct. at 783. (Emphasis in original). The trial court struck the italicized portion of the indictment as surplusage, holding that it was neither material nor necessary to the charge. Emphasizing the possibility that one or more of the indicting grand jurors may have found probable cause to believe that defendant intended to deceive the comptroller—but not his agent, the Court held that defendant's fifth amendment right to be tried only upon indictment by a grand jury had been violated. 121 U.S. at 10, 7 S.Ct. at 786. Under the circumstances before the Court, amendment permitted the Government to side-step the grand jury and deprive the defendant of its protective function:

> If it lies within the province of the court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.

*Id.* at 10, 7 S.Ct. at 786.

The Supreme Court reaffirmed the *Bain* principle in *United States v. Stirone*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) and *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), both of which involved government efforts to amend the charging portion of an indictment. In *Stirone, supra*, the Court disallowed an amendment which alleged an al-

---

**7.** Appellants allege that the Government admitted this at trial. The Government has not refuted this contention.

ternative means by which the defendant had committed an essential element of his offense.[8] Similarly, in *Russell, supra,* the Court rejected the Government's suggestion that its failure to allege a critical element of the offense could be remedied by a bill of particulars.[9] In each case, the Court emphasized the possibility that the grand jury might not have returned the indictment in its amended form. *United States v. Stirone, supra,* note 8; *Russell v. United States, supra,* note 9.

In contrast to the above decisions, the present case does not involve an amendment to the charging portion of appellants' indictment. Neither does it involve circumstances where the grand jury might not have indicted under the amended allegations.[10]

Appellants' sole contention is that the grand jury relied on § 197.020 as the predicate for its finding of a Travel Act violation and that the indictment was constructively amended to read § 197.010. These statutes are identical with the exception that § 197.010, the statute adopted by the trial court, proscribes the bribery of "executive or administrative officers," and § 197.020, the statute relied upon by the Government, applies to "other public officers."

Had the change in statutes presented the possibility that the grand jury was thinking of one public officer, and the petit jury of another, the case would fall within the rule of *Ex parte Bain, supra.* Here, however, the language of the indictment clearly supports conviction upon § 197.010. It is evident from the wording of § 197.020 that "executive or administrative officers" under § 197.010 is merely a subdivision of the larger term "public officers." Moreover, since the indictment specifically referred to

**8.** Defendant had been indicted for violation of the Hobbs Act, 18 U.S.C. § 1951, an essential element of which is interference with interstate commerce. The indictment charged one means of interference, but the trial court permitted the Government to allege and prove an alternative means. Citing *Ex parte Bain, supra,* the Court found that defendant's fifth amendment rights had been violated: "The *Bain* case, which has never been disapproved, stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." 361 U.S. at 217, 80 S.Ct. at 273.

The rationale underlying the decision in *Stirone* was the same as in *Bain*—the Court simply couldn't be sure that the grand jury would have returned the amended version of the indictment:

> But neither this nor any other court can know that the grand jury would have been willing to charge that Stirone's conduct would interfere with [interstate commerce in the manner subsequently alleged by the government]. And it cannot be said with certainty that with a new basis for conviction added, Stirone was convicted solely on the charge made in the indictment the grand jury returned.

*Id.*

**9.** Defendants were indicted pursuant to 2 U.S.C. § 192 for refusing to answer certain questions when summoned before a congressional subcommittee. The Court found that a critical element of the offense was that defendants' refusal relate to the subject under congressional inquiry. The indictment in question wholly failed to inform defendants in this regard, and thus failed "to fulfill its primary office—to inform the defendant of the nature of the accusation against him." 369 U.S. at 767, 82 S.Ct. at 1049. Moreover, the Court rejected the Government's suggestion that this inadequacy could be remedied by bills of particulars. Citing *Bain* and *Stirone,* the Court observed:

> A grand jury, in order to make that ultimate determination [of whether a defendant's refusal related to the subject under congressional inquiry], must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Id.* at 770, 82 S.Ct. at 1050.

**10.** It is in this regard that *United States v. Camp,* 541 F.2d 737 (8th Cir. 1976) and *United States v. Denmon,* 483 F.2d 1093 (8th Cir. 1973), cited by appellants, are distinguishable. In these cases, the indictment failed to allege an essential element of the offense for which the defendant was convicted. Under such circumstances, it is impossible to tell whether the grand jury would have returned an indictment. *See Ex parte Bain,* 121 U.S. at 10, 7 S.Ct. at 786; *United States v. Stirone, supra,* note 8; *Russell v. United States, supra,* note 9.

the objects of appellants' bribe attempts both by name and by official title, there is no question that the grand jury and the petit jury were operating under the same set of facts.

This Court finds that the present circumstances are covered by Rule 52(a), Federal Rules of Criminal Procedure, which provides that "any . . . variance which does not affect substantial rights shall be disregarded." *See United States v. Friedman*, 593 F.2d 109, 116 (9th Cir. 1979); *United States v. Phillips*, 577 F.2d 495, 502 (9th Cir. 1978), *cert. denied*, 439 U.S. 831, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978); *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

In addition, the Supreme Court itself has ruled that

It is wholly immaterial what statute was in the mind of the District Attorney when he drew the indictment, if the charges made are embraced by some statute in force. . . . We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute.

*Williams v. United States*, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509 (1897). The reasoning of *Williams* was reaffirmed in the Court's 1941 decision of *United States v. Hutcheson*, 312 U.S. 219, 229, 61 S.Ct. 463, 464–65, 85 L.Ed. 788 (1941),[11] and has been consistently followed by this Court. *See United States v. Clizer*, 464 F.2d 121, 124 (9th Cir. 1972), *cert. denied*, 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 673 (1972), *reh. denied*, 410 U.S. 948, 93 S.Ct. 1379, 35 L.Ed.2d 616 (1973).[12] *See also Steinert v. United States District Court for District of Nevada*, 543 F.2d 69, 70 (9th Cir. 1976); *United States v. Wuco*, 535 F.2d 1200, 1202 (9th Cir. 1976); *cert. denied*, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976); *United States v. Clark*, 416 F.2d 63, 64 (9th Cir. 1969), all of which are discussed in note 4, *supra*, and accompanying text.

Not only does appellants' indictment properly charge an offense under § 197.010, they have failed to demonstrate any prejudice from the alleged variance.[13]

---

11. In *Hutcheson*, the Court stated that:

In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment, but it may nevertheless come within the terms of another statute. *See Williams v. United States* . . . . 312 U.S. at 229, 61 S.Ct. at 464–65.

12. In *Clizer*, appellant was charged with giving false testimony before a grand jury. His indictment, however, cited 18 U.S.C. § 1621, perjury generally, rather than 18 U.S.C. § 1623, false declarations before a grand jury or court. Citing *Williams v. United States, supra,* and *United States v. Hutcheson, supra,* the court upheld appellant's indictment.

13. Appellants cite a line of cases from the Fifth Circuit which they claim contradict the position taken by this court. *See United States v. Prejean,* 494 F.2d 495 (5th Cir. 1974); *United States v. Beard,* 436 F.2d 1084 (5th Cir. 1971).

In *Prejean, supra,* defendant had been indicted for violation of the Assimilative Crimes Act, 18 U.S.C. § 13, which adopts for each federal enclave the penal laws of the state where it is located. The state statute under which defendant was charged was Article 1389 of the Texas Penal Code—ordinary burglary. The facts proved at trial, however, established the more serious offense of burglary of a private residence at night, Article 1391.

The court found that the elements of ordinary burglary and of burglary of a private residence at night were different and that the penalty for the latter was "substantially harsher." 494 F.2d at 497. The court cited decisions of the Texas Court of Criminal Appeals to the effect that the two offenses were "separate and distinct" and noted that the Texas Court "on occasion has reversed convictions under indictments charging a violation of Article 1389 when the proof showed burglary of a private residence at night." *Id.* at 497–98.

*Prejean* is distinguishable from the present case in one major respect: the facts stated in the indictment did not sufficiently allege violation of Article 1391, the offense proven at trial. Conviction of Article 1391 under these circumstances was clearly impermissible. *Ex parte Bain, supra.* Since state law did not permit conviction of ordinary burglary upon proof of burglary of a private residence at night, a conviction could not be had under either statute.

## Directed Verdict

Appellants' second assignment of error is closely related to their first.

Following an unsuccessful attempt to persuade the trial court to include Count III in its judgment of acquittal, appellants sought to take their variance argument to the jury. Appellants wanted both §§ 197.-020 and 197.010 read to the jury; they wanted the court to instruct the jury as to the definition of the term "public officer", as used in the indictment; and they wanted to argue to the jury that the Government failed to prove that Gaming Commissioners were "public officers" as opposed to "administrative or executive officers." The court rejected this approach. It read N.R.S. § 197.010 to the jury, refused to instruct them as to the definition of "public officer", and prohibited appellants from arguing variance.

■ Appellants contend that by refusing to permit the jury to consider the question whether Nevada Gaming Commissioners are "other public officers," within the meaning of N.R.S. § 197.020, or "executive or administrative officers," within the meaning of N.R.S. § 197.010, the trial court denied appellants' sixth amendment right to have a jury determine each and every

essential element of the offense.[14] Appellants argue that the trial court's ruling amounted to a directed verdict on this issue, and that directed verdicts in criminal cases are prohibited, even when the court's resolution of the issue is almost certainly correct. See *United Brotherhood of Carpenters and Joiners of America v. United States*, 330 U.S. 395, 408, 67 S.Ct. 775, 782, 91 L.Ed. 973 (1947); *United States v. Ragsdale*, 438 F.2d 21, 27 (5th Cir. 1971), cert. denied, 403 U.S. 919, 99 S.Ct. 2231, 29 L.Ed.2d 696 (1971); *United States v. Skinner*, 437 F.2d 164, 169 (5th Cir. 1971); *Brooks v. United States*, 240 F.2d 905 (5th Cir. 1957).

With the exception of *United States v. Ragsdale, supra*, the cases cited by appellants involved instances where the trial court had taken a question of fact from the jury. In *Ragsdale*, the court found that there had been no directed verdict where the trial court informed the jury that the evidence was uncontroverted and that *if* they chose to believe it, the elements of the offense had been established. 438 F.2d at 27.

■ The fundamental flaw in appellants' argument is that the question whether Ne-

United States v. Beard, supra, also involved the Assimilative Crimes Act. Defendant in Beard was indicted for embezzlement under Article 1534 of the Texas Penal Code. Although it became obvious during trial that certain critical elements of Article 1534 were not present, the Government was permitted to proceed on the theory that the operative facts charged in the indictment sufficiently alleged violation of a "totally different and unrelated" statute, 18 U.S.C. § 661 (taking and carrying away the personal property of another with the intent to steal or purloin). 436 F.2d at 1084. The Court of Appeals for the Fifth Circuit reversed, stating:

> The government's theory of guilt under the two contradictory statutes would of course necessarily be completely dissimilar. No one can say whether the Grand Jury under the facts present would have indicted the appellant for violation of Title 18, U.S.C. Section 1661. All we know, is that the Grand Jury did not indict Beard under this section.

*Id.* at 1087.

Beard is easily distinguishable from the present case for the reason that the two statutes involved here are by no means "totally

different and unrelated." Moreover, there is no question that the grand jury in this case would have indicted defendants for the offenses for which they were convicted.

Given these facts, it is unnecessary for this Court to discuss the validity of *Beard*'s inquiry into whether the grand jury would have found a violation of the particular statute for which the defendant was convicted. It is enough to say that the decisions of the Supreme Court emphasize the *facts* found by the grand jury, and ask whether they would support the defendant's conviction. *See e. g., Williams v. United States, supra.*

14. Appellants also argue that by reading N.R.S. § 197.010 to the jury, the court constructively amended the indictment to charge "bribery of executive or administrative officers" rather than "bribery of public officers" and that such amendment is prohibited by *Ex parte Bain, supra,* and *Russell v. United States, supra.*

This Court's response to appellants' variance argument is equally applicable here; appellants' position is without merit.

vada Gaming Commissioners fall into one statutory classification or another is a question of law for the court rather than a question of fact for the jury. *See e. g., United States v. Wuco,* 535 F.2d 1200, 1202 (9th Cir. 1976), *cert. denied,* 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976); *United States v. Crockett,* 506 F.2d 759, 761–62 (5th Cir. 1975), *cert. denied,* 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975). *United States v. Ragsdale, supra,* is closer to the present case. Appellants do not contend that the court took the factual question whether the objects of appellants' bribery attempts were Nevada Gaming Commissioners from the jury. It merely instructed the jury as to the legal consequences of such a determination. Since this was a question of law, appellants' argument· is unsound.

AFFIRMED.