**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Norman Leon VROMAN, Defendant–Appellant.**

No. 91–10592.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 1992 \*.

Decided Sept. 22, 1992.

---

\* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

See also 795 F.Supp. 324.

Mark Rosenbush, San Francisco, Cal., for defendant-appellant.

Erik P. Doerring, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before: KOZINSKI and THOMPSON, Circuit Judges, and KELLEHER, District Judge.**

DAVID R. THOMPSON, Circuit Judge:

Norman Leon Vroman appeals from a judgment of conviction entered by the district court on five counts of willfully failing to file tax returns in violation of 26 U.S.C. § 7203. Vroman seeks reversal on the ground that the indictment should have been dismissed because it fails to give sufficient notice of the basis for the charges against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of a motion to dismiss the indictment de novo. *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

Vroman contends the indictment fails to charge a crime because it cites to 26 U.S.C. §§ 7201 and 7203, which prescribe penalties for failure to file an income tax return, rather than 26 U.S.C. § 6012, the section that requires a tax return to be filed.

An indictment is constitutionally sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of

** Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).

The offense of failure to file an income tax return under 26 U.S.C. § 7203 requires the government to prove three elements: the taxpayer was required to file a return, the taxpayer failed to file a return and the failure was willful. *United States v. Brodie,* 858 F.2d 492, 497 (9th Cir.1988). The indictment here set out the elements of section 7203 with sufficient clarity to apprise Vroman of the charges against him and is drawn with sufficient specificity to foreclose further prosecution upon the same facts. It states that Vroman had enough taxable income to require him to file a return, that taxes were due on that income and that knowing this Vroman willfully failed to pay the tax liability.[1]

The government was not required to cite 26 U.S.C. § 6012 in the indictment in order to give Vroman notice of the charges filed against him. *See United States v. Kahl,* 583 F.2d 1351, 1355 (5th Cir.1978) (no citation to section 6012 was necessary in information charging defendant with failure to file tax return). Correct citation to the relevant statute, though always desirable, is not fatal if omitted. *See United States v. Gordon,* 641 F.2d 1281, 1284 (9th Cir.), *cert. denied,* 454 U.S. 859, 102 S.Ct. 312, 70 L.Ed.2d 156 (1981) (statutory citation is not regarded as part of the indictment). "[E]rror in the citation or its omission shall not be grounds for dismissal of the indictment or reversal of the conviction if the error 'did not mislead the defendant to his prejudice.'" *United States v. Bonallo,* 858 F.2d 1427, 1431 (9th Cir.1988) (quoting Fed. R.Crim.P. 7(c)(3)).

In *Gordon* we held that failure to cite a predicate Nevada statute comprising the "unlawful activity" component of a Travel Act charge did not render the indictment facially invalid because the activity was identified as "bribery of a public officer in violation of the laws of Nevada," and gave a detailed statement of the defendant's alleged behavior in this regard. *Gordon,* 641 F.2d at 1283–85. The government's failure to cite the Nevada bribery statute did not prejudice the defendants because they were fully informed of the charges they faced. *Id.* at 1285.

Similarly, the indictment here sets forth the elements of the offense Vroman was charged with violating as well as the amount of taxable income he earned each year. Vroman therefore knew the conduct he was being accused of, could adequately prepare a defense and was not prejudiced by the lack of citation to section 6012.

*Steiner v. United States,* 229 F.2d 745, 747–48 (9th Cir.), *cert. denied sub nom. Pursselley v. United States,* 351 U.S. 953, 76 S.Ct. 847, 100 L.Ed. 1476 (1956), relied upon by Vroman, is distinguishable. There, the defendants were charged with fraudulently importing psittacine birds into the United States, contrary to law. The indictment sought to charge an offense under 18 U.S.C. § 545[2] but cited only the

---

1. Count 2 of the indictment provides:
   During the calendar year 1986, Norman Leon Vroman, defendant herein, then a resident of Hopland, California, had and received gross income of $27,572.05; that by reason of such gross income he was required by law, following the close of the calendar year 1986, and on or before April 15, 1987, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue District of Sacramento, at Sacramento, California, ... or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that wellknowing and believing all of the foregoing, he did willfully fail to make an income tax return to said District Director of the Internal

Revenue Service Center, ... or to any other proper officer of the United States.
Counts 1, 3, 4, and 5 of the indictment charged Vroman with receiving income of $32,682.31, $15,022.12, $11,502.10, and $26,279.42 for the years 1985, 1987, 1988, and 1989, respectively, and willfully failing to file income tax returns for these years.

2. At the time, 18 U.S.C. § 545 provided:
   "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced ...; or
   "Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, con-

section that set forth the penalty for such importations. We held the indictments failed to charge an offense under section 545 because they "failed to state what law (other than 18 U.S.C.A. § 545) the importation was contrary to, or in what respect such importation was contrary to such law." *Id.* at 748.

The issue we decide here is whether the failure to cite in the indictment the specific statute the defendant is charged with violating misleads the defendant to his prejudice under Fed.R.Crim.P. 7(c)(3). *See Bonallo,* 858 F.2d at 1431. This issue was not raised in *Steiner.* Because *Steiner* did not consider the Rule 7(c)(3) issue, *Steiner* is not controlling. *See United States v. Faulkner,* 952 F.2d 1066, 1071 n. 3 (9th Cir.1991) (circuit precedent no longer controlling where prior panel did not consider an argument the later panel finds persuasive).

AFFIRMED.

ceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

"Shall be fined not more than $5,000 or imprisoned not more than two years, or both. . . ."