**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose HERNANDEZ–GOMEZ,**
**Defendant–Appellant.**

**No. 00–30170.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001*.

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

MEMORANDUM[1]

Jose Hernandez–Gomez appeals the 120–month sentence imposed following his guilty plea to two counts of conspiracy to possess with intent to distribute schedule II narcotics, in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hernandez–Gomez argues for the first time on appeal that his indictment fails to set forth the specific penalty provision of 21 U.S.C. § 841(b) under which he was charged, and is therefore in contravention of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is without merit for two reasons.

First, the district court sentenced Hernandez–Gomez in accordance with the sufficiently pled indictment. *United States v. Wuco*, 535 F.2d 1200, 1202, n. 1 (9th Cir. 1976) ("It is the statement of facts in the pleading rather than the statutory citation, that is controlling, and if an indictment or information properly charges an offense under the laws of the United States it is sufficient . . . ."). The indictment charged Hernandez–Gomez with, *intra alia*, conspiracy to distribute "a mixture and substance weighing at least 500 grams and containing a detectable amount of methamphetamine," in violation of 21 U.S.C. §§ 841(a) and 846. The district court, relying on the amount of drugs stated in both the indictment and the plea agreement, sentenced Hernandez–Gomez to ten years of incarceration pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) (applicable to distribution of 500 grams or more of methamphetamine).

Second, and more importantly, Hernandez–Gomez' sentence does not run afoul of *Apprendi*, because it falls substantially below the statutory maximum applicable where an indictment fails to state any amount of narcotics involved. *See* 21 U.S.C. § 841(b)(1)(C) (prescribing "not

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The government's motion to submit this appeal without oral argument is denied as moot.

more than twenty years for distribution of a detectable amount of a schedule II narcotic, including methamphetamine"); *cf. United States v. Garcia-Guizar,* 227 F.3d 1125, 1129–30 (9th Cir.), *amended by,* 234 F.3d 483, 487–90 (9th Cir.2000) (holding that *Apprendi* does not require reversal when defendant's sentence is less than the statutory maximum for the offense).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument, and denies Allen's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.