UNITED STATES of America,
Plaintiff—Appellee,

v.

Roosevelt KYLE, Defendant—
Appellant.

No. 03–50630.

D.C. No. CR–02–00935–MLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided March 11, 2005.

Robert E. Lindsay, Esq., Karen Quesnel, Attorney, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Kenneth N. Hamilton, Esq., The McMillan Law Firm, La Mesa, CA, for Defendant–Appellant.

Before NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Roosevelt Kyle ("Kyle") appeals his conviction by jury trial on four counts of violating 26 U.S.C. § 7203 by wilfully failing to file an income tax return from 1996 to 1999. The district court sentenced Kyle to twelve months for the first count and made the sentence concurrent on the other three counts. He appeals the sufficiency of the jury instructions, the effectiveness of his advisory counsel, the denial of his initial motion to proceed pro se, the denial of his motion for a bill of particulars, the indictment, and the purported exclusion of expert witnesses. The United States

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moved to dismiss its cross-appeal of Kyle's sentence, and we granted that motion. We have jurisdiction under 28 U.S.C. § 1291 and we hereby affirm Kyle's conviction.

## I.

Kyle argues that the district court committed plain error in failing to define "willfulness" as an element of the charge, as the jury was prevented from considering his affirmative defense of a good faith belief that he was not required to file an income tax return.

■ While Kyle's argument is facially appealing, it must fail, for finding error is necessary but insufficient to sustain his position. The error must be prejudicial, but Kyle has demonstrated neither plain error nor prejudice. "[A] jury instruction that omits an element of the offense ... differs markedly from the constitutional violations [the Supreme Court has] found to defy harmless-error review." *Neder v. United States,* 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). "Plain error is highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances." *United States v. Jones,* 84 F.3d 1206, 1211 (9th Cir.1996) (citation omitted).

This case falls outside the scope of that limited class. Kyle presented no contrary evidence at trial to rebut the Government's case. He presented neither evidence of a subjective good faith belief that he was not required to file a tax return, nor evidence to rebut the Government's allegation that he wilfully failed to file an income tax return for at least four years. But, the Government presented evidence that corroborated its charges. It presented evidence that Kyle earned income from his tax preparation business, inferentially demonstrating his knowledge of the duty

to file and pay taxes. Accordingly, we find no plain error.

## II.

Kyle argues that the district court erred in barring him from presenting expert witness testimony. Because the law supports the district court's conclusion, we conclude that the district court stated correctly that no expert witnesses could testify that Kyle was not obligated to file a tax return.

■ Kyle also argues that he was denied a right to the effective representation of advisory counsel. "Where there is no constitutional right to counsel there can be no deprivation of effective assistance." *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citation omitted). Kyle elected to represent himself and may not now claim denial of an inexistent right to advisory counsel.

As to his denied motion for a bill of particulars, an indictment is sufficient if it cites only to the statutes prescribing penalties for the offense of willful failure to file a tax return. *See United States v. Vroman,* 975 F.2d 669, 671 (9th Cir.1992). Because the indictment stated clearly the charges against him, it provided Kyle with sufficient notice and the district court correctly denied his motion for a bill of particulars. AFFIRMED.