507 F.2d 925
 UNITED STATES ex rel. David BLOOMFIELD, Petitioner-Appellant,
v.
Louis GENGLER, Warden, Federal House of Detention, New York,
New York, and Thomas E. Ferrandina, United States
Marshal for the Southern District of New
York, Respondents-Appellees.
John Bennett ETTINGER, Petitioner-Appellant,
v.
Thomas E. FERRANDINA, United States Marshal, Respondent-Appellee.
 Nos. 400, 401, Dockets 74-2291, 74-2305.
 United States Court of Appeals, Second Circuit.
 Argued Oct. 22, 1974.
Decided Dec. 11, 1974.
 
 Herman I. Graber, Seigel & Graber, New York City (William Esbitt, Michael P. Stokamer, New York City, of counsel), for appellant.
 Thomas E. Engel, New York City (Paul J. Curran, U.S. Atty., for the Southern District of New York, Lawrence Feld, Asst. U.S. Atty., of counsel), for respondents-appellees.
 Before MOORE, OAKES and TIMBERS, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 Appellants, American citizens and residents, were indicted in Canada in 1972 for conspiracy to import, conspiracy to export and conspiracy to traffic in Cannabis Resin (hashish). Appellants were brought to trial in the Saint John County Court where, after presentation of all the evidence, the case was dismissed on a finding by the judge that there was a variance between the offenses charged in the indictment and the proof adduced at trial: while three separate conspiracies were set forth in the indictment, a single conspiracy was proved at trial. Thereupon appellants returned home to the United States.
 
 
 2
 Pursuant to Canadian law, the Crown appealed the dismissal of the case and the decision of the lower court was reversed. In accordance with Canadian law, the appellate court entered a judgment of conviction for conspiracy to import hashish against the appellants, in absentia. The conviction carries with it a mandatory seven year sentence. Extradition proceedings were commenced after appellants were arrested in the Southern District of New York.
 
 
 3
 Appellants claim that the applicable treaty does not provide for their extradition; that, in view of the Canadian procedures underlying their conviction, extradition would result in a violation of the guarantee to them of due process of law under the United States Constitution; and that there is insufficient evidence to find probable cause of their guilt. The case comes to us by way of an appeal from orders of the United States District Court for the Southern District of New York, William C. Conner, Judge, denying petitions for a writ of habeas corpus and adopting the opinion of Gerard L. Goettel, United States Magistrate, holding that there were 'no valid grounds for refusing the petition for extradition to the Dominion of Canada.' We agree with Magistrate Goettel and accordingly affirm Judge Conner's orders.
 
 
 4
 There is need for little discussion of appellants' treaty and sufficiency points. The appellants were convicted by the Supreme Court of New Brunswick, Appeal Division, of conspiring to import hashish, a violation of 423(1)(d) of the Canadian Criminal Code.
 
 
 5
 Under the provisions of the Webster-Ashburton Treaty of 1842, Art. X,8 Stat. 576, the United States is required to deliver to justice all persons found in the United States who were convicted of a crime committed within the jurisdiction of Canada.
 
 
 6
 provided that this shall only be done upon such evidence of criminality as, according to the laws of the place where the fugitive or person so charged shall be found would justify his apprehension and commitment for trial, if the crime or offence had there been committed . . ..[1]
 
 
 7
 Appellants argue that if they had been acquitted in a New York state or federal court for the offenses charged in the Canadian indictment, the double jeopardy clauses of the New York state constitution and the federal constitution would have barred the Government's appeal of the acquittal. From this, appellants argue, in effect, that the treaty confers upon them the extraterritorial protection of these double jeopardy clauses and that extradition is improper.
 
 
 8
 Appellants' position, to paraphrase the language of the treaty, is that a full application of the laws of the place where the fugitives were found would not justify their apprehension and commitment for trial if the crime had there been committed.[2] That is to say, in New York there could have been no conviction after an acquittal and for that reason no grounds for their apprehension. We decline to adopt this rather novel reading of the treaty. We note in passing our agreement with the appellants that, even though no final judgment of acquittal had been entered, there would have been double jeopardy in the United States, United States v. Sisson, 399 U.S. 267, 302-307, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), a rule of federal constitutional law applicable to the states under Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), overruling Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). See generally Note, Government Appeals of 'Dismissals' in Criminal Cases, 87 Harv.L.Rev. 1822 (1974).
 
 
 9
 Their argument, nevertheless, does not take away from the proposition that appellants were convicted under Canadian law, that under existing federal law conspiracy to import hashish is criminal, and that the record evidences sufficient 'evidence of criminality' to have justified a trial of the case. This is all that the treaty requires. Since appellants have not served their sentences, they are extraditable under the Extradition Convention between the United States and Great Britain, Art. VII, 26 Stat. 1508 (1899),[3] and 18 U.S.C. 3184.
 
 
 10
 The major point of the appeal, that appellants would be denied due process by extradition, is grounded on not only their claim of conviction in absentia but on the argument that they were never permitted to put in a defense. While ordinarily the courts of the extraditing country will not 'inquire into the (internal legal) procedures which await the relator upon extradition,' Gallina v. Fraser, 278 F.2d 77, 78 (2d Cir.), cert. denied,364 U.S. 851, 81 S.Ct. 97, 5 L.Ed.2d 74 (1960) (claim of Italian trial in absentia), leaving this to executive discretion, cf. Sweeney v. Woodall, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952), our court has been able to imagine, as we can, situations where the relator on extradition 'would be subject to procedures or punishment so antipathetic to a federal court's sense of decency as to require reexamination' of this principle. Inability to assert a defense might be one such situation. But here there is no indication that, despite representation by counsel, appellants had any defense to make, other than their legal one challenging the indictment. Indeed, it affirmatively appears that Canadian counsel each expressly waived[4] calling any witnesses and rested solely on the legal argument, and that the trial court's ruling was made after close of all the evidence. Appellants did not appeal the decision of the Appeal Division on this or any other ground so that a conviction against them is outstanding. Our 'sense of decency' is not shocked either by this Canadian conviction or by the tough, apparently mandatory sentence of seven years; the importation of drugs across foreign border lines is a serious offense, whatever arguments can be made for 'decriminalization' in this country.
 
 
 11
 Appellants' claim of conviction in absentia is a technical one; they were present for their trial and they were represented by counsel at the trial level who successfully obtained exclusion of their confessions and an initial ruling dismissing the indictment. Because Canada, as many of our states constitutionally used to do, Palko v. Connecticut, 302 U.S. at 321 n. 1, 58 S.Ct. 149, still permits appeals by the prosecution from adverse rulings of law, with the further fillip that the appellate court may enter a conviction in a proper case, does not mean that the appellants have been shockingly denied any right under American law to be present at all stages of the proceedings.[5] Appellants, moreover, were not tried in absentia. Instead of awaiting the final outcome of the criminal proceeding against them, they left Canada voluntarily after the original dismissal of charges.
 
 
 12
 The argument raised for the first time on this appeal that the evidence against appellants was insufficient is frivolous, especially in the light of our limited scope of review. Shapiro v. Ferrandina, 2 Cir., 478 F.2d 894, 901, cert. dismissed, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973). The habeas judge was required to determine whether there was any competent evidence warranting the finding that there was reasonable ground to believe the appellants guilty. There was evidence that appellants acted as lookouts for their coconspirator, Cormier, who was ultimately apprehended with the hashish in his possession. In addition, on appellants' arrest, they were in possession of a road map suitably marked to show a route crossing the Canadian border at a point where customs officers would not be on duty late at night. The evidence thus provided reasonable ground to believe the appellants guilty.
 
 
 13
 Judgment affirmed.
 
 
 
 [1]
 Shapiro v. Ferrandina, 2 Cir., 478 F.2d 894, 901 & n. 4, cert. dismissed, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973), states that the phrase 'the laws of the place where the person sought shall be found,' contained in the extraditing treaty, refers to the laws of the state where an arrest occurs rather than to the laws of the Unites States. In the present case, New York does not have a statute which would exactly parallel the crime here charged: conspiracy to import hashish
 A reading of the few Supreme Court cases dealing with this issue indicates that not only state law may be looked to at all times; the rule is that in interpreting this treaty language, reference may be made to federal law in a situation where, as here, interstate or foreign commerce is involved, particularly in an area where state law may be precluded or preempted by a valid exercise of congressional power. Pettit v. Walshe, 194 U.S. 205, 24 S.Ct. 657, 48 L.Ed. 938 (1904), is not to the contrary. There Great Britain sought the extradition of one convicted of murder and, where the crime of murder was not known to the federal law, reference was made to the murder law of Indiana (where the fugitive was arrested) in order to extradite. Here the appellants' crime is covered by federal law, 21 U.S.C. 802(15); 812(c)(10); 846; 952. See also Wright v. Henkel, 190 U.S. 40, 58-61, 23 S.Ct. 781, 47 L.Ed. 948 (1903); Benson v. McMahon, 127 U.S. 457, 8 S.Ct. 1240, 32 L.Ed. 234 (1888).
 
 
 [2]
 The governing rule of law in extradition cases is that 'an offense is extraditable only if the acts charged are criminal by the laws of both countries.' Collins v. Loisel, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956 (1922); Shapiro v. Ferrandina, supra. Here that rule is expressly found in the governing treaty, the Webster-Ashburton Treaty of 1842, Art. X, 8 Stat. 576
 
 
 [3]
 Extradition Convention Between the United States and Great Britain, 26 Stat. 1508, 1510 (1889):
 ARTICLE VII.
 The provisions of the said Tenth Article (of the Webster-Ashburton Treaty) and of this Convention shall apply to persons convicted of the crimes therein respectively named and specified, whose sentence therefor shall not have been executed.
 In case of a fugitive criminal alleged to have been convicted of the crime of which his surrender is asked, a copy of the record of the conviction and of the sentence of the court before which such conviction took place duly authenticated, shall be produced, together with the evidence proving that the prisoner is the person to whom such sentence refers.
 'Crimes and offences against the laws (of Canada) for the suppression of the traffic in narcotics' were made extraditable crimes under the 1889 Convention by a subsequent convention, 44 Stat. 2100 (1925). Appellants' argument that they were not 'convicted' within Webster-Ashburton because they were convicted on appeal and in absentia is ingenious but is not what the treaty-makers had in mind. Appellants do not press here the argument raised below, that because hashish is now a 'controlled substance' rather than a 'narcotic drug,' the 1925 Convention does not apply.
 
 
 [4]
 A certified copy of three pages from the transcript of appellants' trial was provided by Canadian authorities on request of this court and was added to the record. It shows that appellants' attorneys offered no evidence in defense, although they had the opportunity to do so
 
 
 [5]
 While the confrontation clause of the sixth amendment guarantees the right to be present in the courtroom at every stage of trial, Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1862); Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), this right can be waived. Id