**UNITED STATES of America, Appellee,**

v.

**Harold J. McMAHON,
Defendant, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Richard H. MILES,
Defendant, Appellant.**

**Nos. 88–1187, 88–1188.**

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1988.

Decided Nov. 9, 1988.

Stanley W. Brown, Jr., Belfast, Me., and Peter K. Mason, Searsport, Me., with whom Brown & Crowe, Belfast, Me., was on brief for defendants, appellants.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., and Thomas L. Goodwin, Asst. U.S. Atty., Augusta, Me., were on brief for appellee.

Before CAMPBELL, Chief Judge, TIMBERS,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TIMBERS, Circuit Judge:

Harold J. McMahon and Richard H. Miles ("appellants") appeal from judgments of conviction entered January 27, 1988 in the District of Maine, Conrad K. Cyr, *Chief Judge,* upon a jury verdict of guilty on a charge of possession with intent to distribute hashish, a substance containing tetrahydrocannabinol, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1982). The appeal brings up for review a post-trial order entered November 10, 1987 denying appellants' motions for judgments of acquittal. *United States v. McMahon,* 673 F.Supp. 8 (D.Me.1987).

On appeal appellants argue that the government failed to produce sufficient evidence to support the convictions for possession of tetrahydrocannabinol ("THC"). The government argues that (a) the indictment required proof of possession of hashish (a marijuana derivative), not THC; (b) there was sufficient proof that the substance was hashish or, alternatively, that THC was present; and (c) there was no prejudicial variance between the indictment and jury charge, on the one hand, and the proof adduced at trial, on the other hand.

For the reasons set forth below, we affirm the judgments of conviction and the post-trial order denying appellants' motions for judgments of acquittal.

I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

* Of the Second Circuit, sitting by designation.

Appellants, the targets of an undercover drug operation conducted in 1986 by Maine state law enforcement officers, were arrested on March 18, 1986 immediately following an informant's sale to them of hashish. Appellants were charged on April 9, 1986 in a one-count indictment with possession with intent to distribute "hashish, a substance containing tetrahydrocannabinol, a Schedule I controlled substance" in violation of the statutes referred to above.

At trial three government witnesses testified concerning the hashish recovered from appellants. The first, Dennis Appleton ("Appleton"), the evidence technician with the Maine State Police drug unit who had provided the hashish here involved to the law enforcement officers, testified to certain characteristics of hashish and so-called "sea-hash". He described hashish as "a product of marijuana", containing the same active ingredient (THC) as found in marijuana. He described "sea-hash" as hashish that had been dumped overboard by smugglers at sea and later recovered by fishermen along the coast of Maine. Appleton further testified to having made available approximately 20 lbs. of sea-hash to an agent for use in the instant operation. He stated that the sea-hash used probably had been in the ocean for from one to six years.

The second government witness, Carroll Crandall ("Crandall"), a Maine State Police officer who handles a "drug dog", was present with the dog at the time of appellants' arrest. Crandall testified that the dog was trained to detect, by smell, the presence of marijuana and hashish. He did not indicate whether the dog was trained to detect THC present in marijuana and hashish. At the scene of the arrest, the drug dog was alerted to the presence of drugs. These were identified as sea-hash by Crandall, based on prior experience.

The third government witness, Dr. James R. Young, a forensic chemist trained and experienced in drug analysis, testified that hashish is composed of the resin extracted from the Cannabis marijuana plant, and that the active ingredient in both hashish and marijuana is THC. He further testified that sea-hash, with which he had had much experience, differs from ordinary hashish in that it is rich in chloride ions as a result of immersion in salt water. In addition, while the THC in hashish is not readily soluble in ordinary water, and even less soluble in salt water, some of the THC nonetheless does leach out. At no point did Dr. Young testify that salt water immersion ever completely eliminates the THC in the sea-hash.

No other evidence regarding the properties of the substance recovered from appellants was adduced at trial. A sample of sea-hash was displayed at trial during Appleton's testimony but was not offered in evidence.

At the request of counsel for appellants, the court instructed the jury as follows:

"As to the first element, you are instructed that tetrahydrocannabinol, or THC, is a controlled substance. However, you will have to determine whether the evidence establishes beyond a reasonable doubt that any substance possessed by a defendant in this case in fact did contain some quantity of tetrahydrocannabinol or THC. You may make the determination as to whether any such substance in fact contained THC on the basis of all of the relevant evidence in the case."

The jury returned guilty verdicts against both appellants. Pursuant to Fed.R.Crim. P. 29, they filed motions for judgments of acquittal, both of which were denied. Appellants now appeal from their judgments of conviction and the order denying their motions for judgments of acquittal, contending primarily that there was insufficient evidence to convict for possession of a controlled substance.

While recognizing that the indictment was less than a perfect example of draftsmanship, for the reasons stated below we affirm.

II.

Appellants contend that, in view of the wording of the indictment ("hashish, a substance containing tetrahydrocannabinol,

a Schedule I controlled substance") and the jury charge (Part I, *supra*), the government was required to prove beyond a reasonable doubt the presence of THC in order to convict. Since the government failed to produce sufficient proof of the presence of THC in the sea-hash, so appellants' argument goes, the denial of their motions for judgments of acquittal was error and the convictions cannot stand. The government argues that the language of the indictment following the word "hashish" is mere surplusage and that therefore proof of THC content was not required. Alternatively, the government argues that, even if proof of THC content were required, there was sufficient evidence to support the convictions.

We turn first to the issue of the proper classification of hashish under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* (1982) ("CDAPCA"), the statute under which appellants were convicted. While the schedule of controlled substances in 21 U.S.C. § 812 includes "Marihuana" (Schedule I(c)(10)) and "Tetrahydrocannabinols" (Schedule I(c)(17)) it nowhere lists "hashish" per se. As the district court observed, the main active ingredient of marijuana is organic THC, the narcotic effects of which prompted marijuana's criminalization, citing *United States v. Walton*, 514 F.2d 201, 203–04 (D.C.Cir.1975). By contrast, the substance referred to in Schedule I(c)(17) is synthetic, not organic, THC. *United States v. Wuco*, 535 F.2d 1200, 1202 (9th Cir.), *cert. denied*, 429 U.S. 978 (1976); 21 C.F.R. § 1308.11(d) (1988) (separately listing "Marihuana" and "Tetrahydrocannabinols" and describing THCs listed in Schedule I as "[s]ynthetic equivalents of the substances contained in the plant, or in the resinous extractives of *Cannabis* ...").

In view of this organic-synthetic distinction in Schedule I, the controlling provision applicable to the instant case cannot be Schedule I(c)(17) (THC) because nothing in either the indictment, the government's proof, or the jury charge indicates that synthetic THC was at issue. Hashish and sea-hash, both of which are concentrated forms of THC-containing marijuana resins, properly are characterized as marijuana derivatives—not as substances containing synthetic THC. *Taylor v. United States*, 550 F.2d 983, 986 (4th Cir.1977); *United States v. Kelly*, 527 F.2d 961, 963 (9th Cir.1976); *see also United States ex rel. Bloomfield v. Gengler*, 507 F.2d 925, 926, 927 n. 1 (2d Cir.1974). The controlling provision in this case therefore is Schedule I(c)(10) (marijuana), any excess language in the indictment following the word "hashish" notwithstanding.[1]

### III.

We turn next to the issue of the sufficiency of the evidence. This evidentiary issue is raised by the appeal from the judgments of conviction as well as from the denial of motions for judgments of acquittal. We deal first with the applicable standard of review governing the latter.

The test for deciding such motions is whether a rational trier of fact could have found guilt beyond a reasonable doubt based on the evidence as a whole, taken in the light most favorable to the government, together with all proper inferences to be drawn therefrom. *United States v. McHugh*, 769 F.2d 860, 867 (1st Cir.1985); *United States v. Smith*, 680 F.2d 255, 259 (1st Cir.1982), *cert. denied*, 459 U.S. 1110 (1983); *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir.1981); *United States v. Pappas*, 611 F.2d 399, 403 (1st Cir.1979); *see also* 2 Wright, Federal Practice and Procedure: Criminal 2d, § 467 (1982). The government may prove its case entirely by circumstantial evidence and need not exclude every reasonable hypothesis inconsistent with guilt. *McHugh, supra,* 769 F.2d at 867; *Smith, supra,* 680 F.2d at 259;

---

1. This characterization of hashish is not inconsistent with *United States v. Lochan*, 674 F.2d 960 (1st Cir.1982). The precise issue in *Lochan* involved the propriety of a jury charge that hashish is a Schedule I controlled substance rather than under which subdivision of Schedule I hashish is properly referenced. *Id.* at 969. Furthermore, the *Lochan* court's characterization of hashish as a Schedule I substance if it contains THC, even if correct, does not perforce preclude classification of hashish as a derivative of marijuana.

*Patterson, supra,* 644 F.2d at 893; *Dirring v. United States,* 328 F.2d 512, 515 (1st Cir.), *cert. denied,* 377 U.S. 1003 (1964). Moreover, the trier of fact " 'is free to choose among various reasonable constructions of the evidence' ". *McHugh, supra,* 769 F.2d at 867 (quoting *United States v. Thornley,* 707 F.2d 622, 625 (1st Cir.1983) (per curiam)).

 In order to convict for possession of a marijuana derivative, the government is not required to prove that the substance seized contained THC, organic or synthetic. *United States v. Spann,* 515 F.2d 579, 583–84 (10th Cir.1975). It merely has to prove beyond a reasonable doubt that the substance was hashish and thus a derivative of marijuana, a Schedule I controlled substance. Based on the evidence adduced at trial, including the testimony of Appleton, Crandall and Dr. Young, taken in the light most favorable to the government, together with all proper inferences to be drawn therefrom, it cannot be said that a rational trier of fact could not reasonably have found appellants guilty of possession with intent to distribute hashish in violation of the CDAPCA.

 Furthermore, even if proof of THC content *were* a predicate to conviction in this case, the evidence would not necessarily be insufficient, despite the fact that neither the actual piece of sea-hash involved nor a chemical analysis of it was received in evidence. *United States v. Honneus,* 508 F.2d 566, 576 (1st Cir.1974) (evidence sufficient despite absence of laboratory analysis of drug), *cert. denied,* 421 U.S. 948 (1975); *accord, United States v. Zielie,* 734 F.2d 1447, 1456 (11th Cir.1984) (neither direct evidence nor chemical analysis required to prove nature of substance), *cert. denied,* 469 U.S. 1189 and 469 U.S. 1216 (1985); *United States v. Scott,* 725 F.2d 43, 45–46 (4th Cir.1984) (same); *United States v. Clark,* 613 F.2d 391, 405–06 (2d Cir.1979) (same), *cert. denied,* 449 U.S. 820 (1980). The jury had an adequate basis upon which to find the presence of THC, especially since there was no evidence or testimony from either Dr. Young, the government's forensic chemist, or anyone else that all of the THC in the sea-hash could have leached out while the sea-hash was in the ocean.

## IV.

 This brings us to the final issue of whether there was a prejudicial variance between the indictment and jury charge on the one hand, and the proof adduced at trial, on the other hand. A variance occurs when the facts proved at trial differ from those charged in the indictment. *United States v. George,* 752 F.2d 749, 753 (1st Cir.1985); *United States v. Flaherty,* 668 F.2d 566, 582 (1st Cir.1981). A variance is fatal only when it affects a defendant's "substantial rights", i.e., when it deprives one of sufficiently specific information to prepare an adequate defense, thereby exposing him to double jeopardy. *George, supra,* 752 F.2d at 754; *United States v. Brien,* 617 F.2d 299, 312–13 (1st Cir.), *cert. denied,* 446 U.S. 919 (1980).

 In the instant case, there was no prejudicial variance. The essence of the one-count indictment is that appellants possessed a Schedule I controlled substance, and as discussed above, both marijuana and THC are Schedule I controlled substances. *Cf. United States v. Dolan,* 544 F.2d 1219, 1223–24 (4th Cir.1976) (where sale of LSD only charged, proof of either mescaline or LSD sale at trial not fatal variance). The indictment in the instant case also set forth the place and date of the offense. Appellants thus were sufficiently informed of the nature of the offense charged to enable them to prepare an adequate defense, and their conviction would bar any further prosecution under the CDAPCA. *George, supra,* 752 F.2d at 753–54.

The jury charge repeated several times the critical language of the indictment and, at appellant's request, instructed the jury to determine whether the seized substance contained THC. An instruction is adequate where it leaves no doubt as to the circumstances under which the crime can be found to have been committed. 2 Wright, *supra,* § 487. By twice identifying the substance allegedly possessed by appel-

lants as "hashish containing tetrahydrocannabinol", the charge made it clear that the jury could find, as they did, that the substance contained THC *only if* they first determined that the substance was hashish. Whether the evidence of the presence of THC was sufficient is irrelevant—the jury needed only to find the presence of hashish, a marijuana derivative, in order to convict. Since this latter finding clearly is supported by sufficient evidence, the guilty verdicts must stand.

### V.

To summarize:

We conclude that, since there was sufficient evidence to convict for possession of hashish and since any variance between the indictment and jury charge, on the one hand, and the proof at trial, on the other hand, was not prejudicial, the judgments of conviction and the order denying appellants' post-trial motions for judgments of acquittal should be affirmed.[2] We do so essentially for the reasons set forth in Chief Judge Cyr's excellent district court opinion. 673 F.Supp. 8 (D.Me.1987).

AFFIRMED.

---

**2.** As stated in an analogous case involving a poorly drafted indictment, "The conduct as alleged and proved constituted a violation of federal criminal law and its claimed technical misdescription does not invalidate the convictions". *Wuco, supra,* 535 F.2d at 1202.