**UNITED STATES of America, Appellee,**

v.

**Terry Wayne HILTON, a/k/a Bill Raymond Pollard, Defendant, Appellant.**

**No. 88–1434.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1989.

Decided Jan. 29, 1990.

As Amended Feb. 5, 1990.

Anthony M. Traini, with whom Leppo & Traini, Randolph, Mass., was on brief, for defendant, appellant.

Edwin O. Vázquez, Asst. U.S. Atty., with whom Daniel F. López Romo, United States Attorney, Hato Rey, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and CEREZO,* District Judge.

TORRUELLA, Circuit Judge.

Defendant appeals from a judgment of conviction under 46 U.S.C. App. § 1903, which proscribes possession of marijuana with intent to distribute. Specifically, this Court is requested to review the denial of his motion *In Limine* and the sentence thus imposed upon him as a result of the application of a penalty enhancement provision under 21 U.S.C. §§ 960 and 962. We affirm.

FACTS AND PROCEEDINGS

Essentially, the facts are not in controversy. On October 27, 1987, the Coast Guard cutter VASHON received a report from a Coast Guard aircraft which had established communication with the sail-

* Of the District of Puerto Rico, sitting by designation.

boat BRIGHT EAGLE. Apparently the information provided by the sailboat raised some suspicion, and an interception was deemed appropriate.

Soon after the VASHON crew made visual contact with the sailboat, two persons were seen casting off from the BRIGHT EAGLE in an inflatable raft while another person remained on board. Immediately afterwards an explosion was heard and flames were seen coming from the sailboat. The person on board the sailboat, later identified as defendant Terry Hilton, was thrown overboard and was rescued by those aboard the raft.

The Coast Guard approached the sailboat and extinguished the fire. One of the boarding party, Petty Officer Robert Marshall, looked into the cabin where he observed approximately ten identical packages wrapped in plastic floating in the bilge. He retrieved one of the packages, pierced it with a knife, and saw what appeared to be marijuana. Thereafter, he looked through the bow hatch and observed at least twelve other packages of similar size and appearance. Thus, he testified to having seen an estimated total of at least 22 packages similar in size and appearance to the package actually retrieved. The laboratory report performed on the retrieved package indicated that it contained marijuana, and that it had a gross weight of 14 pounds, or approximately five kilograms.

Appellant was indicted on one count of possession with intent to distribute 227 kilograms of marijuana. Appellant filed a motion *In Limine* in an attempt to limit the evidence relating to the amount of marijuana involved. After an evidentiary hearing, the court concluded that it was reasonable to believe that each package contained at least 10 pounds of marijuana for a total of 110 pounds, and denied Hilton's motion. Thereafter, Hilton entered a conditional guilty plea and was sentenced to a fifteen year prison term pursuant to the penalty enhancement provisions 21 U.S.C. §§ 960 and 962.[1]

1. The applicable sections provide the particular scheduled substances and the weight necessary to trigger the sentences proscribed. These sen-

This appeal asks us to review the district court's ruling regarding the amount of evidence as to which defendant was charged with possessing, and to limit the same to the one package seized.

## DISCUSSION

Appellant has not contested his conviction for possession with intent to distribute marijuana. He specifically avers, however, that the district court erred in ruling that the government's evidence was sufficient to prove beyond a reasonable doubt that the amount of marijuana in defendant's possession exceeded 50 kilograms.

In essence, defendant alleges that because the amount of marijuana in his possession was determinant for the application of the enhancement provision and the actual penalty imposed,[2] proof of this amount was an "essential element" of the offense and must be proven beyond a reasonable doubt. 21 U.S.C. § 960(b)(3). *See United States v. McHugh*, 769 F.2d 860, 867 (1st Cir.1985). This he claims the government failed to do. In fact, defendant contends that the government could only prove beyond a reasonable doubt that defendant was in possession of 14 pounds of marijuana—the contents of the only package seized. Consequently, the only issue before us on appeal deals with the sufficiency of evidence.

## SUFFICIENCY OF EVIDENCE

On appeal, our review of the trial court's findings of fact is limited. *McHugh*, 769 F.2d at 867; *United States v. Thornley*, 707 F.2d 622 (1st Cir.1983). As such, in examining the district court's evaluation of the government's evidence, a trier of fact is entitled to rely on the evidence as a whole, taken in the light most favorable to the government, together with all proper inferences to be drawn therefrom. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *United States v. McMahon*, 861 F.2d 8, 11 (1st Cir.1988).

The findings of fact, which appellant questions, however, are not those which lead to his conviction but rather those which are relevant to the sentence imposed upon him. Ordinarily, when determining the sufficiency of the evidence used for sentencing, courts review under the preponderance of the evidence standard. *See generally McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

Appellant argues that the appropriate standard of review of the sufficiency of evidence was determined by this Court in *McHugh*. In that case, this Court ruled that the amount of marijuana is an essential element when dealing with an enhanced penalty provision for offenses in which the quantity of the substance exceeds 1000 pounds. *McHugh*, 769 F.2d at 867. This statement assists appellant in arguing that as an essential element the standard of sufficiency of the evidence review requires the government to prove its case beyond a reasonable doubt as opposed to the preponderance standard. The fact is, however, that this issue was not substantively reached in *McHugh*, and only appears as dicta. *Id.* For purpose of the present case, moreover, it makes no difference which standard is used. In *McMahon*, this Court cited an array of cases providing that "[t]he prosecution may prove its case by circumstantial evidence, and it need not exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt." *U.S. v. McMahon*, 861 F.2d 8 at 11. *See also McHugh*, 769 F.2d at 867; *United States v. Smith*, 680 F.2d 255, 259 (1st Cir.1982); *Thornley*, 707 F.2d at 625; *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir.1981); *United States v. Gabriner*, 571 F.2d 48, 50 (1st Cir.1958). More-

tencing paragraphs are listed in descending order. Specifically, section 960(b)(3) provides for cases where the amount of marijuana is 50 kilograms or more, but less than 100 kilograms. In such cases, the mandatory maximum sentence is 20 years with no mandatory minimum. Section 960(b)(4) provides that if the amount involved is less than 50 kilograms, the maximum penalty is five years of incarceration. 21 U.S.C. § 960.

**2.** Defendant Hilton had two prior convictions which meant that the maximum sentenced would double automatically. 21 U.S.C. § 962.

over, if we consider that "[t]he trier of fact is free to choose among various reasonable constructions of the evidence," *McMahon*, 861 F.2d at 11; *McHugh*, 769 F.2d at 867; *Thornley*, 707 F.2d at 625; *Gabriner*, 571 F.2d at 50; *United States v. Klein*, 522 F.2d 296, 302 (1st Cir.1975), we must agree with the district court that the evidence offered by the government in the case at bar satisfies the sufficiency test, even beyond a reasonable doubt.

In reference to appellant's argument that he could only be proven to be in possession of 14 pounds of marijuana, in *McMahon* we specifically determined that even when proof of the narcotic substance was a predicate to conviction, the evidence would not necessarily be insufficient despite the fact that neither the actual substance nor a chemical analysis of it was received into evidence. *McMahon*, 861 F.2d at 12; *United States v. Honneus*, 508 F.2d 566, 576 (1st Cir.1974).

Similarly, in *McHugh*, we relied on *United States v. Webster*, 750 F.2d 307 (5th Cir.1984), with respect to the application of an enhancement provision. In that case, the marijuana admitted into evidence had not been weighed by the DEA officers before destruction. On appeal, the court found "... that the record revealed a sufficiently low probability that, had the marijuana been preserved, appellants would have been able to establish that it weighed less than one thousand pounds." [3] *United States v. Webster*, 750 F.2d at 333.

Furthermore, in the *Webster* case the court found that an estimation of the total weight of the amount, based on the testimony of the DEA officers and the weight of one of the bales seized, was appropriate. We echo the Fifth Circuit's sentiments, that under normal circumstances it is better if all the substance is weighed. We are not dealing with laboratory circumstances, however, but with a high sea seizure and thus the reasonableness of the government's action must likewise be judged. We are convinced, that the method used in the instant case to calculate the amount of marijuana was sufficiently accurate, and we can conclude that appellant would have been unable to rebut the government and establish that the total amount of marijuana weighed less than 50 kilograms.[4]

After a careful examination of the record, particularly in view of the fact that the evidence offered by the government was never contradicted, we find that the district court applied a proper standard, provided a reasonable construction of the evidence, and clearly based its conclusions and inferences upon evidence in the record. Since we do not find that the district court's inferences and conclusions were erroneous or unreasonable, we affirm the district court's decision.

*Affirmed.*

---

**3.** The *Webster* court calculated the amount of substance in a manner very similar to that used by the district court in the case at bar. *United States v. Webster*, 750 F.2d at 333.

**4.** We must comment on appellants argument that the package retrieved may have absorbed water and thus increased its weight. We believe, that the argument is peccant, particularly in light of appellant's own argument that the packages, including the retrieved one, were floating. As such, taking into account the amount of plastic wrapping protecting the substance as well as the fact that it was floating, it is difficult to reach the conclusion that it was wet enough to significantly alter the package contents or its weight.