968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Jacob GOOLESBY, Appellant.
 No. 91-6190.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1992.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WEBER,* District Judge.
 * PER CURIAM.
 
 
 1
 Memphis Police Officer Charles Cox, operating a stationary radar gun, clocked a black 1978 BMW with out of state license plates traveling at 53 m.p.h. in a 45 m.p.h. zone. Seated in the car were the driver, Teresa Bailey, her common law husband Jacob Goolesby, and Bailey's nine year old daughter. Officer Cox pulled the BMW over and stopped his patrol car behind it. Cox exited his car and approached the BMW.
 
 
 2
 Cox asked Bailey for a driver's license. Bailey explained that she had lost it and presented Cox with a letter from the State of North Carolina stating that Teresa Bailey was a validly licensed driver and listing her driver's license number. Cox then escorted Bailey to his squad car and asked her for a picture identification. When she failed to produce one, he placed her under arrest for driving without a license.
 
 
 3
 Next, Cox decided to speak to Goolesby, who was still seated in the BMW. As Cox approached the BMW, he detected the odor of marijuana emanating from the car. Cox asked Goolesby if he had any contraband in the car. Goolesby responded that he was carrying a pistol to protect his family. Cox asked Goolesby to get out of the car and searched him. During the search, Cox felt a bulge in Goolesby's pants pocket. When asked what it was, Goolesby admitted that it was marijuana. Cox placed Goolesby under arrest and searched the car. Inside the car, he found a green duffel bag containing marijuana. Cox then searched the trunk and found five more bags of marijuana. In all, approximately 192 pounds of marijuana were seized from the car. Goolesby was subsequently convicted of possession with intent to distribute marijuana. He now appeals both his conviction and his sentence.
 
 II
 
 4
 If an officer stops a car for a legitimate purpose and then finds probable cause to believe it contains contraband, the officer may conduct a warrantless search of the car. United States v. Ross, 456 U.S. 798, 800 (1982). First, Goolesby claims that the car in which he was riding was not stopped for a legitimate purpose. Specifically, he asserts that the speeding violation was a pretext for Officer Cox's true motivation: to search the car for narcotics. The speeding violation objectively justified Cox's decision to stop Goolesby's car.[1] Notwithstanding Goolesby's argument to the contrary, it also appears that the speeding violation was in fact the subjective reason for Cox's decision to stop Goolesby's car. Goolesby makes much of Cox's statement that it is not customary to arrest someone for traveling fifty-three miles per hour in a forty-five mile per hour zone. However, Cox also testified that "[w]e stop quite a few vehicles traveling at fifty-three in a forty-five." (Emphasis added.) Furthermore, Cox testified that he stopped Bailey's car for speeding not because he thought it contained narcotics. Under these circumstances, the district court was entitled to conclude that Cox was justified in stopping Bailey's car. See United States v. Pino, 855 F.2d 357, 361 (6th Cir.1988).
 
 
 5
 Officer Cox also had probable cause to search the car. Prior to conducting the search, Goolesby admitted that it contained illegal contraband (specifically, a gun), Cox smelled the odor of marijuana from the car, and Cox recovered a "small bag" of marijuana from Goolesby's person. Simply by virtue of detecting the odor of marijuana, Officer Cox had probable cause to search the car. United States v. Caves, 890 F.2d 87, 89 (8th Cir.1989); United States v. Reed, 882 F.2d 147, 149 (5th Cir.1989). In addition, the bag of marijuana recovered from Goolesby's person gave Cox probable cause to search the entire vehicle. See United States v. Burnett, 791 F.2d 64, 67 (6th Cir.1986).
 
 
 6
 Goolesby argues that it would have been impossible for Officer Cox to have smelled the marijuana emanating from the car as it was wrapped in plastic and aluminum foil. However, Goolesby offers no physical or scientific evidence to support this empirical claim. This is, then, at best a challenge to Officer Cox's credibility. The magistrate, who witnessed the testimony, chose to believe Cox, and we see no reason to disturb this determination.
 
 III
 
 7
 Only a portion of the marijuana recovered from the car was scientifically tested. Goolesby argues that his sentence for possession with intent to distribute may only be based on the amount tested. However, the government may prove the identity of a substance by circumstantial evidence, rather than scientific tests. See, e.g., United States v. Schrock, 855 F.2d 327, 334 (6th Cir.1988). Although only some of the packages were tested, the others were substantially similar in appearance to the tested packages, contained a leafy substance appearing to be marijuana, and were found among packages scientifically proven to contain marijuana. This entitled the district court to find, by a preponderance of the evidence, that all of the packages seized contained marijuana. See United States v. Hilton, 894 F.2d 485, 487-88 (1st Cir.1990).
 
 IV
 
 8
 For the foregoing reasons, we affirm Goolesby's conviction and sentence.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 It is undisputed that Officer Cox clocked Bailey at 53 m.p.h. in a 45 m.p.h. zone. This establishes a reasonable basis for the stop, even if the radar was in error and Bailey was in fact within the speed limit