**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

ALPHONSO KINZAR CARTY,
          *Defendant-Appellant.*

No. 05-10200

D.C. No.
CR-03-01135-RGS

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

JUAN ANTONIO ZAVALA,
          *Defendant-Appellant.*

No. 05-30120

D.C. No.
CR-02-00079-12-
BLW

ORDER

Filed August 25, 2006

Before: Mary M. Schroeder, Chief Circuit Judge.

—————————

**ORDER**

The court invites supplemental briefs by the parties addressing some or all of the following questions on the role of the United States Sentencing Guidelines in a district court's sentencing decision after *United States* v. *Booker*, 543 U.S. 220 (2005):

    **1.**  Do we have jurisdiction to review appeals of within-Guidelines range sentences?

    **2.**  If we have jurisdiction to review within-Guidelines range sentences, are such sentences

10645

entitled to a presumption of reasonableness, or should we review such sentences no differently than we review outside-Guidelines range sentences? If within-Guidelines range sentences are entitled to a presumption of reasonableness, is this presumption conclusive? Rebuttable? If rebuttable, how can such a presumption be rebutted?

3. How should we review a post-*Booker* sentence for reasonableness? Do we review only whether the district court complied with *Booker*'s mandate to consider the 18 U.S.C. § 3553(a) factors? If so, is this review de novo? Do we independently review the sentence imposed for reasonableness? If so, how do we determine whether a sentence is reasonable? What legal and factual matters, if any, must we consider? Is this review for abuse of discretion? Are factual findings decided by the district court reviewed for clear error, abuse of discretion, or on some other standard of review? Does it matter whether the findings are pertinent to the calculation of the advisory Guidelines range or pertinent to the application of the other 18 U.S.C. § 3553(a) factors?

4. What procedure is a district court required to follow in sentencing a defendant within the advisory Guidelines range? In particular, what should be the district court's duty, if any, to articulate its consideration of the section 18 U.S.C. § 3553(a) factors?

5. If distinct from the procedure for within-Guidelines range sentences, what procedure is a district court required to follow in sentencing a

defendant above or below the advisory Guidelines range?

**6.** What weight does the advisory Guidelines range have, in relation to other 18 U.S.C. § 3553(a) factors? In conducting a sentencing proceeding, may a district judge announce that he will impose a sentence within the advisory Guidelines range unless the parties present compelling reasons for imposing a sentence outside of that range? On review, should we determine whether the district court has given the advisory Guidelines range the appropriate weight, and if so, how?

Briefs responding to this order shall be filed no later than September 15, 2006. Any person or entity wishing to file a brief as an amicus curiae in response to this order is granted leave to do so pursuant to Fed. R. App. P. 29(a).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.