**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kathy Jean WEATHERS, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Thomas David Weathers, Defendant— Appellant.**

Nos. 05–30494, 05–30521.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 5, 2007.

Kurt P. Hermanns, Esq., Katheryn Kim Frierson, Esq., USTA–Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Ronald D. Ness, Esq., Alan Stuart Richey, Esq., Port Orchard, WA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and

SCHWARZER,* District Judge.

## MEMORANDUM **

Thomas and Kathy Weathers, husband and wife, were convicted by a jury of one count of income tax evasion, in violation of 26 U.S.C. § 7201, and five counts of failure to file tax returns, in violation of 26 U.S.C. § 7203. On appeal, Kathy Weathers challenges the admission into evidence of a summary chart. Thomas Weathers raises multiple issues relating to his conviction and sentence.

■ Kathy Weathers argues that the district court erred in admitting into evidence a summary chart estimating the Weathers' business profits. Federal Rule of Evidence 1006 allows voluminous writings, recordings, or photographs, "which cannot conveniently be examined in court," to be presented in the form of a chart, summary, or calculation. Here, the materials underlying the summary chart were sufficiently voluminous to meet the requirements of Rule 1006. Kathy Weathers also had a full opportunity to cross-examine the Internal Revenue Service agent who prepared the chart. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 515 n. 9 (9th Cir.1985) (holding that a summary exhibit was properly admitted where the plaintiff had an ample opportunity to cross-examine the witness who prepared it). The district court did not abuse its discretion in admitting the summary chart into evidence. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004).

■ Thomas Weathers raises several challenges on appeal. He argues that the introduction of testimony regarding the Weathers' use of certain entities to hide their assets was improper, because the government had not proven the entities' nominee status under state law. However, as the Supreme Court held in *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943), affirmative willful attempts to evade the payment of taxes may be inferred from "*any conduct,* the likely effect of which would be to mislead or conceal." (Emphasis added.) No authority demands the proof that Weathers's position would require. The district court did not abuse its discretion in allowing the government to introduce testimony on the third-party entities at issue.

■ Thomas Weathers next argues that the statutory sections that are cited in his indictment (26 U.S.C. §§ 7201 and 7203) are penalty provisions that do not fully inform him of "what law or duty he violated." The sufficiency of an indictment is reviewed *de novo. United States v. Rodriguez,* 360 F.3d 949, 958 (9th Cir.2004). In *United States v. Vroman,* a case involving a conviction under 26 U.S.C. § 7203, we held, "[t]he government was not required to cite 26 U.S.C. § 6012 in the indictment in order to give Vroman notice of the charges filed against him." 975 F.2d 669, 671 (9th Cir.1992). As in *Vroman,* the superseding indictment against Thomas Weathers set forth the elements of the offense he was charged with violating, and he was not prejudiced by the absence of citation to substantive provisions in the Internal Revenue Code. *See id.*

■ Thomas Weathers argues that there is insufficient evidence to support the jury's finding of willfulness under 26 U.S.C. §§ 7201 and 7203. Under *Jackson*

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Weathers argues that he "did not know of any statute that made [him] liable for income tax or imposed a duty to file a form 1040." In *Cheek v. United States,* 498 U.S. 192, 202, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the Supreme Court explained that defendant's good-faith misunderstanding of the law or a good-faith belief that one is not violating the law, even if not objectively reasonable, could negate willfulness. However, the Court also noted, "[o]f course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Id.* at 203–04, 111 S.Ct. 604. Weathers had filed tax returns and paid taxes for twenty-six years prior to refusing to file tax returns beginning in 1997. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Weathers's actions were willful.

■ Thomas Weathers also argues that the district court's failure to strike Juror No. 31 was clear error. We review the district court's findings on juror impartiality for manifest error. *United States v. Padilla–Mendoza,* 157 F.3d 730, 733 (9th Cir.1998). Juror No. 31 stated during voir dire that his prior service in the military and the postal service could "influence" him. But when asked by the district judge whether he could be fair and impartial, the juror's answer was unequivocal and un-

qualified. The retention of Juror No. 31 was not a manifest error. *See United States v. Alexander,* 48 F.3d 1477, 1484 (9th Cir.1995) (affirming the district court's decision under similar circumstances).

Thomas Weathers further contends that the district court made two reversible errors with respect to the jury instructions. He argues that the district court should have instructed the jury that "some other statute besides [26 U.S.C. §§ ] 7201 and 7203 impose the duty to pay a tax or to file a return." He also challenges the district court's refusal to provide limiting instructions on the issue of nominees and state law. Both arguments are derivative of the claims that we have already rejected. The district court properly instructed the jury on all elements of 26 U.S.C. §§ 7201 and 7203, and did not err in declining to provide a limiting instruction on the issue of nominees and state law.

Finally, Thomas Weathers raises a number of claims with respect to his sentence. He argues that there were errors in his Presentence Report, that there should have been a downward adjustment for acceptance of responsibility, and that the restitution order was in error. The Ninth Circuit is currently considering whether "factual findings decided by the district court [should be] reviewed for clear error, abuse of discretion, or on some other standard of review." *United States v. Carty,* 465 F.3d 976 (9th Cir.2006) (en banc court ordering supplemental briefs from the parties). However, the district court's factual findings here were not in error under any standard of review. In light of Weathers's conduct throughout the investigation and trial, the court did not err in declining to provide a downward adjustment for acceptance of responsibility. Nor did the district court err in ordering restitution. *See United States v. Jackson,* 982 F.2d 1279,

1283 (9th Cir.1992) (holding that under 18 U.S.C. § 3663, the IRS was a "victim").

**AFFIRMED.**